UNION TRUST CO. *v.* DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY CO.

1. TRIAL—RULE AS TO CONFLICTING TESTIMONY NOT APPLICABLE WHERE FORMER TESTIMONY CORRECTED.

The rule that it is for the jury to decide when, if at all, witnesses giving conflicting testimony testified truthfully, does not apply where their former testimony is corrected and explained.

2. RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

The driver of an automobile who drove around a waiting automobile or automobiles at a well-lighted railroad crossing, where the gate was down against the traffic, and onto the tracks on the wrong side of the street, and was struck by a slowly-moving box car, was guilty of contributory negligence as matter of law.

3. NEGLIGENCE—SUBSEQUENT NEGLIGENCE—GROSS NEGLIGENCE.

In this State there is ordinary negligence and subsequent negligence, frequently called gross negligence; but there

---

[1]Trial, 38 Cyc. p. 1520; [2]Railroads, 33 Cyc. pp. 1113, 1127; [3]Negligence, 29 Cyc. pp. 530, 560; 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702; 2 R. C. L. 1206; 1 R. C. L. Supp. 742; 4 R. C. L. Supp. 158; 5 R. C. L. Supp. 143; 6 R. C. L. Supp. 138.

is no gross negligence in the sense of great or much negligence, because the doctrine of comparative negligence is foreign to this jurisdiction.

4. SAME—WILFUL AND WANTON ACTS NOT NEGLIGENCE.
    The designation of wilful and wanton acts as gross negligence is a misnomer; such acts not being negligence at all.

5. RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
    While an automobile driver approaching a railroad crossing may place some reliance on the fact that the railroad company will discharge its duty and not be guilty of negligence, such reliance may not be so absolute that he take no heed for his own safety.

Error to Wayne; Perkins (Willis B.), J., presiding. Submitted April 7, 1927.    (Docket No. 38.)    Decided June 6, 1927.

Case by the Union Trust Company, administrator of the estate of Edward Kostowski, deceased, against the Detroit, Grand Haven & Milwaukee Railway Company for the alleged negligent killing of plaintiff's decedent.    Judgment for defendant on a directed verdict. Plaintiff brings error.    Affirmed.

*Clarence P. Milligan*, for appellant.

*H. R. Martin* (*Leo J. Carrigan*, of counsel), for appellee.

FELLOWS, J.    Holbrook avenue in Detroit runs east and west.    It is crossed by the tracks of defendant company.    The crossing is in an industrial section of the city and there is much switching of freight cars both day and night.    About 9 o'clock in the evening of April 24, 1923, plaintiff's decedent received an injury at this crossing while riding in an automobile driven by an acquaintance, from which injury he died about five hours later.    The occupants of the auto-

⁴Negligence, 29 Cyc. p. 423; ⁵Railroads, 33 Cyc. p. 1027.

mobile were familiar with the crossing. They were driving west. The accident was occasioned by the machine coming in contact with a box car which had been shunted and was moving slowly to the south across the street. Plaintiff produced one of the occupants of the automobile who gave testimony, negative in character, that the gate on the north side of the street was not down against the west-bound traffic but on cross-examination he explained this testimony by stating repeatedly that he did not remember that he saw it down. Witnesses are at times liable to become confused, and we have held on numerous occasions that if their testimony on direct-examination conflicts with that given on cross-examination, it is for the jury to decide when, if at all, they testified truthfully; but this rule does not apply where their former testimony is corrected and explained. *West* v. *Railroad,* 229 Mich. 590; *Kurtz* v. *Railroad Co.,* 238 Mich. 289. All of the affirmative testimony in the case was that the north gate on the east side of the track was down against the west-bound traffic, and that there was a red lantern hanging on it, and the south gate on the west side of the tracks was down against the east-bound traffic, but that the other gates were not down. It is undisputed that there is an electric light in the immediate vicinity. The proof is undisputed that when the automobile in which decedent was riding approached the crossing there was at least one automobile waiting for the crossing to clear, and the overwhelming weight is that there were several. The testimony all shows that the box car which was moving south was in the street and had reached the middle of the street when the automobile approached the crossing. The driver of the automobile drove in the middle of the street by the car or cars which were waiting for the crossing to clear, around the end of the gate, onto the wrong side of the

street and came into collision with the moving box car.

The trial judge directed a verdict for the defendant on the ground that the driver of the automobile was guilty of contributory negligence as matter of law. In this he was clearly right. To drive around the automobile, or string of them as the case may be, which had stopped in the street east of the tracks, with the gate which protected the traffic on that side of the street down and a red lantern giving its warning of danger, going around the end of the gate and on the wrong side of the street in the face of a box car in the street slowly drifting along the track, at a lighted crossing was, in view of the undisputed physical facts, so palpably negligent that we shall not take time or space to cite or discuss the numerous cases in this court dealing with the question of contributory negligence.

But it is urged that the doctrine of gross negligence should be applied. In the recent case of *Gibbard* v. *Cursan*, 225 Mich. 311, Mr. Justice CLARK with an exhaustive review and citation of authorities pointed out that we have in this State ordinary negligence, and subsequent negligence, frequently called gross negligence, but that we do not have gross negligence in the sense of great or much negligence because that would introduce into our law the doctrine of comparative negligence which is foreign to this jurisdiction, and that while wilful and wanton acts are frequently designated as gross negligence, such designation is a misnomer, because such wilful and wanton acts are not negligence at all. Upon this record there is no case made of subsequent negligence, nor wilful or wanton acts of defendant or any of its servants.

It is also urged that the driver had a right to rely on defendant discharging its duty and of its being guilty of no negligence. Some reliance may be placed

on the fact that defendant will discharge its duty, but such reliance may not be absolute; otherwise, all a plaintiff in a personal injury case would be required to do to free himself from a charge of contributory negligence would be to testify that he expected defendant would not be negligent and therefore he took no heed for his own safety.

We find no error in the admission or rejection of testimony.

The judgment will be affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.