Argued October 21, affirmed November 15, 1927.

## SAM ARMISHAW *v.* ANDREW KAN.

(260 Pac. 1011.)

Partnership—"W. J. Young Asiatic Importing Company" Held not Fictitious Name, Requiring Filing of Certificate, Since It Discloses True Name of Owner (Or. L., §§ 7777, 7778).

1. Under Sections 7777, 7778, Or. L., requiring persons having interest in business operated under assumed name to file certificate setting forth names of persons interested, "W. J. Young Asiatic Importing Company" *held* not an assumed, or fictitious name within meaning of statute, since it embraces and discloses true name of owner.

Evidence—Testimony of Expert Witness Held not Destroyed by Cross-examination Conflicting With Testimony, Weight of Evidence Being for Trial Court.

2. In action to recover reasonable value of goods sold and delivered, testimony by expert witness, a Chinese, as to price of goods, was not destroyed by testimony of witness on cross-examination, which conflicted with previous testimony; cross-examination merely affecting weight of evidence, which was for trial court as exclusive judge of facts.

---

Appeal and Error, 4 C. J., p. 843, n. 65, p. 848, n. 36.
Names, 29 Cyc., p. 270, n. 44.
Sales, 35 Cyc., p. 571, n. 68.
Statutes, 36 Cyc., p. 1154, n. 81.
Trial, 38 Cyc., p. 1945, n. 32, 33.

From Multnomah: G. F. SKIPWORTH, Judge.

Department 2.

AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. Walter S. Asher* and *Mr. O. A. Neal.*

For respondent there was a brief and oral arguments by *Mr. E. E. Heckbert* and *Mr. S. J. Bischoff.*

BELT, J.—This is an action to recover the reasonable value of goods sold and delivered. It was tried by the court without a jury and judgment was had for the plaintiff. Defendant presents two questions on appeal: (1) Did the trial court properly sustain a demurrer to the plea in abatement wherein it is alleged, in substance, that plaintiff's assignor conducted a mercantile business under the name of "W. J. Young Asiatic Importing Co." and failed to file a certificate setting forth the names of those having an interest in the business as required by Sections 7777 and 7778, Or. L. (2) Is there any evidence of the reasonable value of the goods alleged to have been sold?

1. "W. J. Young Asiatic Importing Co." is not an assumed or fictitious name within the meaning of the statute. Our law relative to the use of an assumed name is copied from that of the State of Washington and the authorities from that jurisdiction are particularly applicable. In *Merrill* v. *Caro Inv. Co.,* 70 Wash. 482 (127 Pac. 122), a business was conducted under the firm name and style of "George W. Merrill Automobile Company" and it was contended there, as here, that the action could not be maintained by reason of the failure to comply with the assumed

name statute, but it was held that same had no application. On the authority of *Johnson* v. *Primeville,* 100 Or. 105 (196 Pac. 817), and kindred cases therein cited, this question is decided adversely to appellant.

2. The contention that there is no evidence of reasonable value is untenable. W. J. Young, who was plaintiff's assignor, qualified as an expert on value by testifying that he had been engaged in the mercantile business for about two years prior to the transaction in question and was familiar with the market price of such goods. On direct examination, the record discloses:

"Q. Did you know what the price of that kind of merchandise was at that time? A. Yes.

"Q. Were the prices which you marked on invoice the reasonable value of that merchandise at that time? A. Yes, sir.

"Q. And at that place? A. Yes.

It is insisted that the value of this evidence is destroyed by the testimony of the witness on cross-examination. We are unable to agree with this conclusion. Mr. Young is Chinese and had difficulty in expressing himself clearly in response to the adroit questions of counsel for defendant and much that he said conflicts with his previous testimony. It affected the weight of the evidence, but the trial court, as an exclusive judge of the facts in the case, was not bound to reject the testimony of the witness given in direct examination. We conclude there was evidence to support the finding on the issue of reasonable value

It follows that the judgment is affirmed.

AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.