Argued April 10, affirmed April 16, petition for rehearing
denied May 14, 1958

## WASHBURN *v.* SIMMONS

323 P. 2d 946
325 P. 2d 255

*Frank P. Santos*, Oregon City, argued the cause for appellant. On the briefs were Arthur B. Baines, Portland, and Glenn R. Jack and James O. Goodwin, Oregon City.

*Wayne A. Williamson*, Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

Before PERRY, Chief Justice, and LUSK, WARNER and SLOAN, Justices.

PER CURIAM.

This is an action to recover damages for personal injuries in which the plaintiff prayed for judgment in the sum of $30,000 general damages and $1876.27 special damages, and the jury returned a verdict for $500 upon which judgment was entered. Plaintiff has appealed. We are of the opinion that the record fails to disclose reversible error and the judgment is, therefore, affirmed.

**ON REHEARING**

On Petition for Rehearing

Arthur B. Baines, Portland, and Jack, Goodwin and Santos, Oregon City, for the petition.

Before Perry, Chief Justice, and Lusk, Warner and Sloan, Justices.

PER CURIAM.

The only question on the appeal in this case is whether the court erred in withdrawing from the jury's

consideration plaintiff's claim that, as a result of injuries sustained by her in an automobile accident, she suffered "severe uterine hemorrhage, which failed to respond to treatment, and as a result, uterus was removed." As no novel question of law was presented we deemed it sufficient to affirm the judgment in a memorandum, but, in view of an earnest petition for rehearing filed by the plaintiff, we will now state briefly the reasons for our conclusion.

The evidence is that on August 10, 1953, Dr. Jack W. Dowsett, a specialist in obstetrics and gynecology, performed an operation on the plaintiff, a married woman, to correct severe uterine bleeding. The operation is described as a curettage and uterine suspension, and the patient made "an uneventful recovery." On August 28, 1953, the plaintiff sustained severe bruises in an automobile accident. Some time after the accident Mrs. Washburn started bleeding again. She saw Dr. Dowsett on September 23 and was treated by him on that day and subsequent days, but she did not respond to the treatment. The doctor finally recommended an operation for the removal of the uterus, which was done on April 25, 1954.

As a witness for the plaintiff, Dr. Dowsett testified, in answer to a hypothetical question, that "the accident aggravated the pelvic condition, which necessitated definitive treatment, which was removal of her uterus." On cross-examination, however, he conceded that he was "unable to say except in terms of possibility that the accident was in any way related to the chronic pelvic condition," and that it would be impossible for him to say what was the cause of this chronic pelvic condition, and that the plaintiff's history was common in women who had never been involved in an accident.

■ While it may be true that, generally speaking, if a witness' testimony on direct examination conflicts with that given by him on cross-examination, it is for the jury to decide when, if at all, he has testified truthfully. *Armishaw v. Kan.*, 123 Or 69, 260 P 1011; 58 Am Jur 492, Witnesses § 863; yet that rule can have no application if the witness so explains his prior testimony as to leave the facts to which he testifies a mere matter of conjecture, possibility or guess. Idem; *McKay v. State Ind. Acc. Com.*, 161 Or 191, 87 P2d 202; *Union Trust Co. v. Detroit, G.H. & M.R. Co.*, 239 Mich 97, 214 NW 166, 66 ALR 1515, with Annotation 66 ALR 1517. That is the posture of the present case. What caused the condition which made the operation necessary was a medical question. Dr. Dowsett gave the only medical testimony on the subject, and, as his testimony, viewed as a whole, fails to show with reasonable certainty any connection between the accident and the operation, the court ruled correctly in withdrawing that issue from the jury.

The petition for rehearing is denied.