Argued September 5, affirmed October 9, 1963

# STATE OF OREGON *v.* JACKSON

385 P. 2d 623

*Freeman C. Murray,* Klamath Falls, argued the

cause for appellant. On the brief were Beesley and Murray, Klamath Falls.

*J. R. Thomas,* Assistant District Attorney for Klamath County, argued the cause for respondent. With him on the brief was Dale T. Crabtree, District Attorney for Klamath County.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan and Lusk, Justices.

PERRY, J.

The defendant was convicted of murder in the second degree, and appeals.

The facts, as follows, are not in dispute.

On January 17, 1962, at about 3:30 p.m., the body of Patricia Jackson was found dead in the passenger seat of her 1961 Ford Thunderbird from a bullet shot through her left temple. The automobile was parked in front of Cabin No. 1 of the Link River Motel, Klamath Falls, within which the defendant lay in a drunken sleep. Lying under the defendant's body was a .22 caliber Ruger revolver with one spent cartridge case.

The defendant had been arrested and jailed for drunken driving on January 16, 1962. At about 9 p.m. that evening he was released from jail. He joined the decedent and others and immediately resumed drinking.

Defendant's recollection of the following events was severely blurred by intoxication, but the uncontradicted testimony of several witnesses indicates that defendant and decedent spent most of that night at the home of Amy Jackson, mother of decedent.

During the late morning and early afternoon hours of January 17 defendant and decedent were seen driving together in decedent's automobile by a number of witnesses. Several of the witnesses testified that decedent was in a slumped position in the front seat of the car, with a streak of blood on the left side of her face. A few hours later defendant was found in possession of a gun, and asleep in the motel cabin. The body of the dead girl was outside the motel.

Though the fatal bullet taken from the skull of the decedent could not be positively identified as having been fired from the revolver found in defendant's possession, it was of the same caliber and manufacture as the spent cartridge.

Defendant first assigns as error the trial court's refusal to strike the testimony of F. S. Scott, of Scott's Loan Company, Klamath Falls, on the ground that the evidence adduced disclosed it was irrelevant. Scott testified that he had sold a pistol to defendant on December 21, 1961, and that it was the identical gun found in defendant's possession on the afternoon of January 17, 1962 when he was apprehended for the murder of Patricia Jackson. On cross-examination the witness was asked to give the serial number of the exhibited gun. He answered, "116,532, I believe." Defense counsel then proceeded to other inquiries without questioning the accuracy of Scott's statement. Near the end of the trial, and after the jury had retired, defendant moved to strike the testimony of Scott, since the .22 caliber Ruger revolver found on defendant bore not the serial number 116,532, but 118,532.

Defendant does not deny that the answer given was merely a mistake of memory, but argues the answer, being incorrect as to one digit, renders the

identification inadequate. Since Scott positively identified the weapon before the court as the one he sold to defendant, his subsequent error went merely to the weight and reliability of his testimony rather than its admissibility. *Armishaw v. Kan.,* 123 Or 69, 260 P 1011; *Farmers Bank v. Saling,* 33 Or 395, 54 P 190; *Sankiewicz v. Speckel,* 209 Minn 528, 296 NW 909; *Sova v. First National Bank of Ferndale,* 18 Wash2d 88, 138 P2d 181; *Goslin v. Kurn,* 351 Mo 395, 173 SW2d 79; *Hanye v. State,* 211 Ala 555, 101 S 108; *Fussell v. Atlantic Coast Line R. Co.,* 77 Ga App 302, 48 SE2d 556; 98 CJS, Witnesses, § 627. It is the function of the jury, not the court, to determine the weight and reliability of a witness' testimony. *O'Harra v. Pundt,* 210 Or 533, 310 P2d 1110; *Armishaw v. Kan.,* supra; ORS 17.250 and ORS 44.370.

■ Defendant next argues that the offer in evidence of two exhibits without first removing scotch tape which had been affixed thereon for purposes of identification was prejudicial to the defendant in that it forced the defense counsel to object to what may have appeared trivial matters to the jury. There is no merit in this contention. The trial court must often delete or remove certain irrelevant or improper portions of admitted evidence, and such action is upheld. *State v. Paquin,* 229 Or 555, 568, 368 P2d 85; *Gallagher v. Portland Traction Co.,* 181 Or 385, 182 P2d 354; *Paine v. Meier & Frank Co.,* 146 Or 40, 44, 27 P2d 315, 29 P2d 531. The course to be pursued in each case is largely committed to the sound discretion of the trial judge. *State v. Hood,* 225 Or 40, 47, 356 P2d 1100; *State v. Paquin,* supra; ORS 41.660.

In objecting to the proffered exhibits, counsel was put in no different or worse position than are attorneys

each day. There was no prejudice placed on defendant by reason of the objections made to the proffered exhibits. See, *State v. Nelson,* 75 Or Adv Sh 701, 377 P2d 29.

The judgment is affirmed.