Argued September 15, 1964, reversed and remanded January 20,
1965

# CROUCH *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

398 P. 2d 197

*George S. Woodworth,* Assistant Attorney General,

Portland, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

*Philip A. Levin,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Levin & Wilson, Portland.

Before McAllister, Chief Justice, and Sloan, O'Connell, Denecke and Lusk, Justices.

O'CONNELL, J.

This is an action under the Workmen's Compensation Act to recover disability benefits. Defendant commission appeals from a judgment on a verdict for plaintiff.

In his complaint plaintiff prayed for an award of permanent total disability or in the alternative an award for permanent partial disability. During the course of the trial evidence was introduced which would sustain a verdict for either type of disability. After all of the evidence had been received, plaintiff withdrew his demand for permanent partial disability and limited his claim to permanent total disability.

Before the case was submitted to the jury defendant requested a verdict form which contained the following interrogatories:

"Question No. 1: Is plaintiff permanently and totally disabled as a proximate result of his accident of March 29, 1962?

"Answer: _____ (Yes or No)

"(If your answer to Question No. 1 is Yes, you will not answer Question No. 2. If your answer to Question No. 1 is No, you will then answer Question No. 2)

"Question No. 2: What is the extent of plaintiff's permanent partial disability for unscheduled injuries and disabilities proximately resulting from his accident of March 29, 1962 expressed in percentage loss function of one arm?

"(Your answer may not be less than 25% loss function of an arm)

"Answer ........% loss of function of one arm."

The trial court refused to submit the second interrogatory requested by defendant and submitted only the first, i.e., as to whether plaintiff was permanently and totally disabled. The court's refusal to submit the second interrogatory requested by defendant is assigned as error on this appeal.

It is plaintiff's theory that he had the privilege of limiting the issue to that of permanent total disability and thus of gambling on the jury finding such disability or no disability at all. Plaintiff further contends that since the jury found that he was permanently and totally disabled any error with reference to a lesser degree of disability was moot.

■ We cannot accept plaintiff's position. The jury was given the choice of only two extremes, i.e., total permanent disability or no disability at all. Faced with only these alternatives the jury might well have decided that although plaintiff suffered only a permanent partial disability he should be given compensation for permanent total disability rather than nothing at all. The denial of defendant's requested interrogatory, therefore, unnecessarily increased the likelihood of error on the part of the jury.

■ If plaintiff alone were affected by his desire to gamble for all or nothing, defendant might have no right to complain. But the gamble also affects the interest of the defendant commission and the fund that

it administers. Defendant is entitled to have the jury make a choice among three possible verdicts, finding that plaintiff suffered no compensable injury, that he suffered permanent total disability, or that he suffered only permanent partial disability. Since defendant is, in effect, a trustee of the compensation fund for those who contribute to it, defendant not only has the privilege but it has the duty to present the issue of disability to the jury in such a way that the chances of a distorted verdict are minimized.

The judgment is reversed and the cause is remanded for a new trial.