Argued September 12, affirmed October 26, 1966

# SYLER *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

419 P. 2d 411

*James P. Cronan, Jr.*, Salem, argued the cause for appellant. On the brief were Robert Y. Thornton, Attorney General, Wallace Carpenter, Assistant Attorney General, and Donald J. Howe, Assistant Attorney General, Salem.

*Nick Chaivoe*, Portland, argued the cause for respondent. On the brief were Peterson, Chaivoe & Londer, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and REDDING, Justices.

REDDING, J. (Pro Tempore).

This is an appeal by the State Industrial Accident Commission from a judgment of the circuit court for Clackamas County, reversing the Commission's order rejecting the claim of plaintiff Syler.

The appeal from the Commission's order was tried to a jury and a verdict returned for plaintiff. Pursuant to the verdict, judgment was entered reversing and setting aside the Commission's order rejecting claimant's claim, and ordering that claimant's claim be accepted for such benefits by way of compensation and medical and hospital care and treatment as the plaintiff may be entitled to under the Workmen's

Compensation Law of the State of Oregon. The judgment further expressly provided that this matter be remanded to the State Industrial Accident Commission for further proceedings conforming with the judgment order.

The defendant Commission, in entering its order rejecting plaintiff's claim, assigned the following two reasons for such rejection:

"* * * (1) there is insufficient evidence that said workman sustained accidental personal injury within the meaning of the provisions of the Oregon Workmen's Compensation Law,

"(2) the condition requiring treatment is not the result of the activity described, * * *."

In other words, the Commission by its order found, first, that claimant did not on November 11, 1964, sustain a personal injury by accident arising out of and in the course of his employment, and second, that if the plaintiff did in fact suffer an accidental injury on November 11, 1964, arising out of and in the course of his employment, neither his time loss nor his medical treatment subsequent thereto resulted from such accident.

The accident which is the subject of this case, occurred on November 11, 1964 and involved the plaintiff's back. Prior to this time plaintiff had injured his back in an accident that occurred on June 1, 1963, when a log weighing about a ton rolled on him. He was at that time knocked unconscious; was incontinent of urine; injured the lower portion of his back, and his whole back was swollen. Following this severe traumatic experience plaintiff, after smoking a cigarette, immediately resumed work. He continued to work the following day, except for taking time off to see a

doctor. Concerning this visit to the doctor, plaintiff testified: "He patted me on the back and said I had a back sprain, give me some pills and sent me back to work." At the time of the June 1, 1963 accident, plaintiff was employed by the Mt. Hood Lumber Company.

Following the accident of June 1, 1963, plaintiff lost time from work for the first time in February, 1964 when he was placed in traction for two or three days for treatment of his low back by Dr. Rice. He first saw Dr. Paul Campbell, an orthopedic surgeon, on May 12, 1964, and was given an orthopedic examination. Dr. Campbell at that time had the opinion that the plaintiff had a ruptured disc at the lowest joint in his back. Except for the two or three days' hospitalization in February, 1964, plaintiff worked steadily without loss of time from work, until July 8, when he was again hospitalized and placed in traction. He was released from the hospital on July 18, and on the advice of his doctor, he remained at home at bed rest until August 17, when he returned to work. He was employed at this time by the J. T. Low Lumber Company, Inc., the employer in this case.

Thereafter he did heavy work without further loss of time from work, until after the accidental injury of November 11, 1964. However, on November 10, 1964, plaintiff saw Dr. Campbell again. Dr. Campbell at that time recommended that plaintiff have exploratory surgery, and combined with such an exploration, indicated it probably would be necessary to perform a spinal fusion. Plaintiff worked from November 11, the date of the second accident, until November 20. Surgery was performed on December 4, 1964.

Plaintiff testified that when it was necessary to do very hard work he did have a little pain, but nothing that would stop him from working. Plaintiff further

testified that on the day before the accidental injury involved herein, he moved a heavy compressor by himself, using a good deal of effort in doing so, without incurring any pain or discomfort.

On November 11, 1964, while attempting to load upon a truck the compressor referred to above, the chain suspending the compressor from the fork of a forklift truck broke, and plaintiff took the strain of the weight of the compressor. Plaintiff felt the pain immediately after the chain broke, as he took the strain of the weight, and thereupon fell to his knees. However, he continued to work. Plaintiff also testified that prior to November 11, 1964, he had occasional headaches, some pain in his left hip, and numbness in one leg and his left buttocks. After the November 11, 1964 accident, all of these symptoms were much greater in severity and the leg numbness was bilateral.

Dr. Campbell testified that when he first examined plaintiff he suspected a herniated intervertebral disc between L-5 and S-1. This was verified when surgery was performed and a calcified protruded disc at that level was found, which the doctor testified was of four or five years' duration. No symptom relating to the L-4, L-5 level is mentioned in the doctor's testimony and the protruded disc at this level was noted for the first time in surgery. Dr. Campbell stated that this was a fresh protrusion, either of a few weeks' or a few months' duration. He further testified that in his opinion it was a reasonable medical probability that the pre-existing condition of the plaintiff was aggravated by the accident here in question. The doctor stated that plaintiff had refused surgery prior to November 11, 1964 because he was not hurting badly enough to require surgery.

Defendant requested a special verdict which, omitting the title and caption, reads as follows:

"We, the jury, being duly empaneled and sworn well and truly to try the above entitled cause, do answer the questions submitted by the Court to us as follows:

"Question No. 1: Did the plaintiff on or about November 11, 1964, while in the employ of J. T. Low Lumber Co., Inc., sustain a personal injury by accident arising out of and in the course of employment?

"Answer: _____ (Yes or No)

(If your answer to Question No. 1 is 'No', do not answer the next question.)

"Question No. 2: Subsequent to November 11, 1964, was the plaintiff's time loss and medical treatment to his low back a result of the accident that occured while employed by J. T. Low Lumber Co., Inc. on or about November 11, 1964, while in the course and scope of employment?

"Answer: _____ (Yes or No)

"Dated this _____ day of October, 1965.

_____
Foreman."

The Commission's sole assignment of error is based on the trial court's failure to submit defendant's requested Question No. 2 to the jury.

In the event the jury answered the first interrogatory in the affirmative, defendant, by its second requested interrogatory, sought to obtain a jury finding as to whether all or none of plaintiff's time loss and medical and hospital treatment subsequent to November 11, 1964 resulted from the accident, which the jury, by its affirmative answer to Question No. 1 found occurred on that date.

■ Without deciding whether, on the record before us, defendant was entitled to a jury finding as to the

extent of plaintiff's time loss and medical treatment properly attributable to the accident of November 11, 1964, suffice it to say that interrogatory No. 2 in the form requested by defendant is, under the facts of the instant case, subject to objection, and for that reason the trial court properly refused to submit the same to the jury.

Let us turn to a consideration of defendant's requested interrogatory No. 2. If submitted, the jury, in considering what its answer to said second interrogatory should be, might have concluded (though from the record this would appear most unlikely) that no part of plaintiff's time loss and no part of plaintiff's medical and hospital care and treatment subsequent to November 11, 1964 was properly attributable to the accident which occurred on November 11, 1964. Under such a finding, the jury's answer to Question No. 2 would properly be no.

Conversely, if the jury found that all of plaintiff's time loss and all of plaintiff's medical and hospital care and treatment subsequent to November 11, 1964 was properly attributable to plaintiff's accident on November 11, 1964, its answer would properly be yes.

There was no way, however, that the jury could correctly answer said interrogatory No. 2 in the form requested by defendant Commission, if it found, as well it might, that the evidence, while failing to support an answer of yes, or an answer of no thereto, did support a finding between said two extremes. To illustrate, let us assume the jury found one of the following:

1. That all time loss suffered by plaintiff and no part of the medical and hospital care and treatment received by him was properly attributable to the accident of November 11, 1964; or that

2. Part only of the time loss suffered by plaintiff, and no part of the medical and hospital care and treatment received by him was properly attributable to the accident of November 11, 1964; or that

3. Part only of the time loss suffered by plaintiff and part only of the medical and hospital care and treatment received by him was properly attributable to the accident of November 11, 1964; or that

4. Part only of the medical and hospital care and treatment received by plaintiff and all of the time loss suffered by plaintiff was properly attributable to the accident of November 11, 1964.

■ The second interrogatory required the jury to award all or nothing. This court condemned this practice when attempted by the claimant in *Crouch v. State Industrial Accident Commission*, 239 Or 442, 398 P2d 197 (1965), and does so when attempted, as here, by the Commission. Interrogatories submitted to a jury must be such as permit the jury accurately to express its findings. *Abraham v. Mack et al*, 130 Or 32, 273 P 711, 278 P 972 (1929).

■ Under the facts of the instant case, the jury, having answered Question No. 1 in the affirmative, a finding as to what, if any, award plaintiff is entitled to receive under the Workmen's Compensation Law of Oregon on account of time loss and medical and hospital care and treatment is a matter for administrative determination by the Commission and its successor, the State Compensation Department.

The trial judge properly refused to submit to the jury defendant's requested interrogatory No. 2 in the form requested.

Affirmed.