Argued September 9, 1968, reversed with instructions
March 26, 1969

## MARSTON, *Respondent, v.* STATE COMPEN-SATION DEPARTMENT, *Appellant.*

452 P. 2d 311

*Quintin B. Estell,* Assistant Attorney General, Salem, argued the cause for appellant. With him on

the brief were Robert Y. Thornton, Attorney General, Wallace Carpenter, Assistant Attorney General, and Donald J. Howe, Assistant Attorney General, Salem.

*Robert L. Burns*, Gresham, argued the cause for respondent. On the brief were Burns & Locke, Gresham.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK,* Justices.

PERRY, C. J.

The claimant G. M. Marston was employed as a welder. On April 1, 1965, while at his work, claimant bumped his head and at this time felt some dizziness which lasted two minutes at the "very most." He did not report the incident or seek any medical aid at this time and lost no time from his work.

On May 7, 1965, he suffered a severe headache and sought professional medical aid. Several days later he again suffered such a severe headache that he was taken to a hospital by ambulance. A Dr. Rohrberg was called and he called Dr. John P. Dennis, a neurosurgeon. Neither doctor appeared before the hearing officer or before the circuit court. However, by stipulation, letters written by the doctors were admitted into evidence.

The hearing officer found that the claimant suffered some injury when he "bumped his head" on April 1, 1965, but that the subsequent severe headaches which developed on May 7, 1965, were not the result of the injury. The hearing officer ordered the State Compensation Department to accept the claim and to pay to claimant benefits he was entitled to by law

* Lusk, J., did not participate in the decision of this case.

from April 1 to May 7, 1965, and also to pay claimant's attorney's fees in the sum of $500.

The State Compensation Department and claimant both requested a review of the order by the Workmen's Compensation Board. The Workmen's Compensation Board affirmed the hearing officer's finding that claimant's severe headaches were not the result of the bumped head, and further found that, since the "bumped head" did not result in any compensable loss, his claim for injuries and attorney's fees were denied. ORS 656.002 (5) (6) (7); *Syler v. S.I.A.C.*, 244 Or 541, 419 P2d 411.

The claimant then appealed the order of the Workmen's Compensation Board to the circuit court.

The circuit court reviewed the cause on the record and entered an order reversing the findings of the hearing officer and awarded the claimant loss of time and medical expenses in the sum of $843.35, and his attorney's fees in the sum of $500. From this judgment entered by the circuit court the State Compensation Department appeals.

It is quite apparent that the issue to be resolved is whether there was sufficient evidence to establish causal connection between the slight bump on the head received on April 1, 1965, and the severe headaches which started on May 7, 1965.

The claimant testified that as he was entering a tunnel-like place where he was welding he bumped his forehead and then jerked back striking the back of his head. He stated that he suffered only momentary dizziness and continued with his work. After work, he took some aspirin, went to sleep, and felt good the next morning. On April 2nd claimant was treated for the removal of foreign bodies in both eyes. He had never had real severe headaches before the accident

such as he suffered on May 7. This headache was so severe that he was unable to control himself and in a frenzy struck the door injuring his hand. He subsequently suffered other severe headaches and was hospitalized.

The report of Dr. Rohrberg may be summed up by stating that he was unable to form an opinion as to the cause of claimant's severe headaches. *Washburn v. Simmons*, 213 Or 418, 323 P2d 946, 325 P2d 255.

The medical report of Dr. Dennis, the neurosurgeon who thoroughly examined and treated the claimant, discloses that in his opinion claimant's difficulty is organic as to causation and not of traumatic origin. Also, in a letter to claimant's attorney in answer to specific questions, Dr. Dennis stated:

> "In answer to your specific questions, I am unable to give a relationship between the severe headache the patient complained of and the trauma that he described. Certainly he might be entitled to some headache from the type of injury that he described, but not the severe pain that he seemed to have. We found no evidence of organic disease intracranially that might have been aggravated by such an injury. I continue to feel, from my association with this patient, that much of his problem was on a functional basis."

■■ It is common knowledge that most headaches do not require hospitalization, but the facts of this case disclose that those suffered by the claimant were so severe that he required not only medical care but hospitalization. Under such circumstances only medical testimony could determine their cause. *Howerton v. Pfaff*, 246 Or 341, 425 P2d 533; *McKay v. State Ind. Acc. Com.*, 161 Or 191, 87 P2d 202.

■ Since there is a total lack of medical testimony that the bumping of claimant's head either caused or contributed to his condition, there is no evidence to support the judgment of the trial court.

The judgment of the trial court is reversed with instructions to reinstate the order of the Workmen's Compensation Board.