Argued June 1, affirmed July 15, 1971

GRAHAM, *Appellant, v.* WALSH ET UX, *Respondents.*

487 P2d 76

In Banc

*J. Philip Parks,* Salem, argued the cause for appellant. With him on the brief were Williams, Skopil, Miller, Beck & Wyllie and Bruce W. Williams, Salem.

*Edward L. Clark, Jr.,* Salem, argued the cause for respondents. With him on the brief were Clark & Marsh, Salem.

TONGUE, J.

This is an action for personal injuries sustained in an automobile accident. Plaintiff's amended complaint alleged that he suffered injuries to the muscles and nerves of his neck and shoulders resulting in $291 in special damages and $7,500 in general damages. The jury returned a plaintiff's verdict for $500.

Plaintiff appeals and has attempted to assign as error the denial of his motion, at the conclusion of all of the evidence, to permit him to amend his complaint to allege that his injuries were permanent.

The assignment of error reads:

"The court erred in denying plaintiff's motion to amend the pleadings to conform to the proof."

That motion, as made at the time of trial, and the ruling of the court thereon, are not set out *haec verba,* as required for assignments of error by Rule 2.35 of this court.[1]

Reference to the transcript page on which the motion appears, however, is stated elsewhere in appellant's brief. Upon examination of the transcript at

---

[1] Rule 2.35, relating to assignments of error, requires that:

"Each assignment of error shall be clearly and succinctly stated under separate and appropriate headings. *The assignments of error must be specific and must set out haec verba the pertinent portions* of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered." (Emphasis added)

that page it appears that plaintiff's various motions at the conclusion of the evidence included the following:

"To [amend] * * * the second line of Paragraph 8, pain, discomfort and *permanent* impairment of his body and those are all separate motions, * * *." (Emphasis added)

Plaintiff's abstract of record, in referring to paragraph VIII (and paragraph VII) of plaintiff's amended complaint, states only that:

"These paragraphs allege that plaintiff suffered $291.00 special damages and $7,500.00 general damages."[②]

Thus, it does not appear from appellant's abstract and brief just what allegations would have been changed or added by plaintiff's motion to amend.

It gives this court no pleasure to call attention to the failure of an attorney to comply with the requirements of the well-established rules with which most attorneys carefully comply in appeals to this court and which were designed for the assistance of the legal profession, as well as this court, in expediting the handling of cases on appeal. On the other hand, failure to comply with the requirements of these rules not only imposes an unfair burden on opposing counsel, but on occasion requires this court to devote additional

---

[②] Rule 2.60, relating to the abstract of the trial court file requires that:

"*The abstract shall set forth such portion of the trial court file as is essential to a proper consideration of the issues presented, including relevant portions of the pleadings,* exhibits to the pleadings, the verdict and judgment, the findings and any motions and demurrers, together with the rulings thereon, where such rulings are challenged on appeal. Care should be exercised to eliminate unessential matter. * * * Portions of the proceedings, the sufficiency of which as to form and substance are not questioned by the appellant, should be abstracted or summarized whenever possible as indicated in Appendix C." (Emphasis added)

time and effort in searching the transcript of trial proceedings, as well as original pleadings, as in this case.

For these reasons, Rule 2.35 provides that "assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered."

Because of the harshness of such a result upon the appealing party himself, rather than upon his attorney, we have on occasion considered the merits of assignments of error regardless of the failure of attorneys to strictly comply with these rules. Since, however, we now find that failure of attorneys to comply with these rules is becoming more frequent, we take this occasion to give notice that this court will, in the future, insist upon a more strict compliance with these rules.[9]

Nevertheless, we have again in this case considered the merits of plaintiff's assignment of error, including the legal authorities cited by plaintiff in support of his position that amendments to conform to the proof are to be liberally allowed in the interests of justice, particularly when evidence is received without objection and when the opposing party was not taken by surprise and has suffered no prejudice, and that while the granting or denial of such a motion is ordinarily within the discretion of the trial judge, it was an abuse of discretion to deny such a motion in this case.

---

[9] For these same reasons, we recently held that costs may be disallowed for the expense of printing a brief which fails to comply with the requirements of Rule 2.35. See Wynn v. Sundquist, 259 Or 125, 485 P2d 1085 (decided June 10, 1971).

It appears from the record, however, that although plaintiff apparently desired to insert the word "permanent" in the paragraph alleging general damages in the sum of $7,500, he did not seek to change the allegations describing the nature of his injuries and did not seek to increase the amount of his original allegations and prayer for general damages in the sum of $7,500.[4] It also appears that plaintiff's counsel was permitted to argue to the jury that according to the medical testimony, "based on medical probability, * * * this man has problems and that could last the rest of this man's life," and that the jury was then instructed that:

> "The items of general damages which you may consider in the present case are such sum as will reasonably compensate the plaintiff for any pain and discomfort suffered by him as the result of the injury; and for such pain and discomfort which is reasonably probable the plaintiff will suffer in the future from the same cause. * * *."

After examining the entire record in this case, including the somewhat equivocal and contradictory nature of plaintiff's medical testimony, we have concluded that while such testimony may have been sufficiently definite for submission to the jury on the issue of permanency of injury,[5] the trial court did not abuse its discretion in denying plaintiff's motion to amend his complaint, considering the time when that motion was made, as well as all of the circumstances in this case. In any event, we have concluded, after ex-

---

[4] The allegations describing plaintiff's injuries were set forth in paragraph VI of the complaint, which plaintiff did not ask to amend, rather than in paragraph VIII, which was the paragraph which plaintiff moved to amend.

[5] But see Washburn v. Simmons, 213 Or 418, 421, 323 P2d 946, 325 P2d 255 (1958).

amining the entire record, including the pleadings, testimony, arguments of counsel and instructions to the jury, as well as its verdict, that any error in the denial of that motion did not result in any substantial prejudice to the plaintiff.

Affirmed.