Argued October 7, affirmed October 24, 1974

PULLEN ET UX, *Respondents, v.* CALVERT,
*Appellant.*
527 P2d 398

*Robert L. McKee,* Portland, argued the cause and filed the brief for appellant.

*Randall E. Thwing,* Eugene, argued the cause and filed the brief for respondents.

AFFIRMED.

TONGUE, J.

This is an action by a home owner against a landscape contractor for damages resulting from the

collapse of a rock wall built by the contractor. The case was tried before a jury, which returned a verdict for plaintiffs in the sum of $1,185. Defendant appeals from the resulting judgment. We affirm.

Defendant has attempted to assign three alleged errors by the trial court, including errors relating to the admission of evidence, the denial of a motion for directed verdict, and an instruction to the jury.[1] None of the assignments of error comply with the Rules of Procedure of this court, and in particular, the clear and specific requirement of Rule 6.18 that assignments of error "must set out verbatim the pertinent portions of the record."[2]

---

[1] The assignments of error are as follows:

"ASSIGNMENT OF ERROR NO. 1

"The Court erred in permitting the Plaintiff to express an opinion as to the value of the wall and landscaping if it had been constructed according to his agreement with the defendant.

"ASSIGNMENT OF ERROR NO. 2

"The Court erred in denying defendant's motion for a directed verdict based upon a failure of proof as to the manner in which the defendant failed to perform in a workmanlike manner, and a failure of proof as to damages.

"ASSIGNMENT OF ERROR NO. 3

"The Court's instruction on the measure of damages was incorrect."

[2] Rule 6.18 provides as follows:

"In appeals in actions at law, no alleged error of the trial court will be considered on appeal unless regularly assigned as error in the appellant's (or cross-appellant's) opening brief, except that the appellate court may take notice of *errors of law apparent on the face of the record.*

"Each assignment of error shall be clearly and succinctly stated under a separate and appropriate heading. *The assignment of error must* be specific and must *set out verbatim the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered.*

"*The arrangement and wording of assignments of error* so far as applicable, together with reference to page of the

■ Under these circumstances we decline to consider appellant's assignments of error for the same reasons as recently stated in *Elvalsons v. Industrial Covers, Inc.*, 269 Or 441, 525 P2d 105 (1974), citing previous decisions by this court to the same effect. As in *Elvalsons,* however, out of deference to the defendant and to prevent any miscarriage of justice, we have examined the record to determine: (1) whether the complaint alleges facts sufficient to constitute a cause of action; (2) whether there was substantial evidence to support the judgment; and (3) whether there were any "errors of law apparent on the face of the record." Accordingly, we shall summarize the evidence, bearing in mind that in considering the sufficiency of the evidence after a jury verdict in favor of a plaintiff the plaintiff is entitled to the benefit of all favorable evidence, as well as all favorable inferences from the evidence.

The work to be performed by defendant included the removal of dirt, and juniper shrubs from a bank,

transcript or narrative statement, *shall conform to illustrations in Appendix D."* (Emphasis added)
Appendix D includes the following:

"Illustration 1

"The court on examination of witness——erred in sustaining (or failing to sustain) objection to the following question:
(Set forth the question, the objection made, the answer given, if any, and offer of proof, if any, all verbatim.)

"Illustration 2

"The court erred in denying (sustaining) the motion for nonsuit or directed verdict:
(Set out motion verbatim.)
"* * * * *

"Illustration 5

"The court erred in giving the following instruction:
(Set out verbatim instruction and exception made thereto.)"

so as to make a level area for a lawn to be planted with grass, and with ivy to be planted on the "new bank." In that process an existing rock wall at the foot of the "old bank" was made higher and dirt was filled in behind it. According to plaintiffs, defendant told them that the "back yard" work would cost "about 60 per cent" of the total bid price of $1,975. Defendant denied that statement.

After starting the work defendant encountered an underground spring. Plaintiffs testified that they were told by defendant that this would require installation of drain tile, which was not a part of the original price bid; that they told defendant to do "whatever was necessary," and that defendant then made additional charges for that work. As a result, according to plaintiffs, the total cost of the "back yard" work was $1,405 and the final bill was $2,965.75. Again, defendant denied that conversation.

Some months later the rock wall "collapsed," carrying with it part of the new lawn. Defendant testified that what previously "held the ground" from rain and surface water was the juniper shrubs on the "old bank," with their "heavy root systems"; that after removing these shrubs there was nothing to hold the water and it "set in behind" the wall like a "catch basin." Defendant also testified that he recommended the installation of an additional drainage system, which would have "taken care" of this problem, but that plaintiffs rejected that proposal.

■ Plaintiffs denied that conversation, however, and testified that after telling defendant to do "whatever was necessary by the installation of additional drainage" (for which plaintiffs were subsequently charged):

"I asked him if there would be any problem

with the normal seepage and runoff on that side of the hill, would the wall stand. And he said that with the additional drainage, this would be no problem."

Plaintiffs also testified that after the rock wall collapsed the new backyard had no value because "we couldn't use it for what it was designed to be used for." After unsuccessful attempts to get defendant to repair the wall, plaintiffs had a new concrete wall installed. Dirt was then filled in behind that new wall and the "whole back yard" was reseeded, so as to replace the lawn planted by defendant.

Upon examining the allegations of plaintiffs' complaint we find that it alleged sufficient facts to constitute a cause of action for breach of express warranty. We also find that there was sufficient evidence to support the verdict and judgment in the sum of $1,185.

Defendant contends that it was error to permit plaintiff George Pullen to express the opinion that the value of the "back yard" portion of the work would have been $1,405 "if it had been constructed according to his agreement with the defendant." Defendant also contends that it was error to instruct the jury that measure of damages was

"* * * the difference between the value of the wall and landscaping as it was actually constructed with its value, that is the value of the wall and landscaping, if it had been constructed in accordance with the alleged terms of the express warranty."

As previously stated, we decline to consider these alleged errors as assignments of error, except to the extent that they may constitute "errors of law appar-

ent on the face of the record" for the purpose of our Rule 6.18.

■ Plaintiff's opinion was based not simply upon his status as the owner of the property, but primarily upon what he claimed to have been told by defendant. Under these circumstances, when considered together with defendant's bid and subsequent itemized statement, it was not "errors of law apparent on the face of the record" to permit plaintiff to express that opinion.

■ Similarly, under the circumstances of this case, including the testimony offered by the plaintiffs, it was not "errors of law apparent on the face of the record" to instruct the jury that the measure of damages to be applied by it was the difference in the value of the wall and landscaping as it was actually constructed and its value if it had been constructed in accordance with the alleged terms of the express warranty. See *Newlee v. Heyting,* 167 Or 288, 293, 117 P2d 829 (1941).

The judgment of the trial court is affirmed.