Submitted on briefs November 26, affirmed December 12, 1975

EDWARDS ET UX, *Respondents, v.* UNCLE DON'S
MOBILE CITY, INC., *Defendant,* and
DENN ET UX, *Appellants.*
543 P2d 4

Gary L. Hill, Roseburg, filed the brief for appellants. With him on the brief were Slocum and Poole, Roseburg.

Mark Hendershott, Sutherlin, filed the brief for respondents. With him on the brief were Bernau & Wilson, Sutherlin.

TONGUE, J.

This is an action for conversion of furniture, appliances and other items of personal property from a mobile home. The mobile home had been repossessed from the plaintiffs and then sold "as is" to the defendants Denn, who had previously rented to plaintiff William Edwards the space upon which the mobile home was located. Defendants then refused to permit plaintiff Sheila Edwards to remove the items in dispute, claiming a landlord's lien for unpaid rent.[1]

Defendants appeal from an adverse judgment based upon a jury verdict in favor of plaintiffs for $1,000 in general damages and $1,000 punitive damages. Defendants do not challenge the sufficiency

---

[1] The complaint also named as a defendant Uncle Don's Mobile City, Inc., the seller of the mobile home, who repossessed it and sold it to defendants Denn. That defendant was granted an involuntary nonsuit and is not a party to this appeal.

of the evidence to support a finding of conversion or an award of punitive damages, but complain of two errors in rulings by the trial court.

1. *The denial of defendants' motion for nonsuit as to plaintiff Sheila Edwards.*

Defendants' first assignment of error is that "[t]he Court erred in denying defendant Denns' motion for involuntary nonsuit as to plaintiff Sheila Edwards."

First, this assignment of error does not comply with the requirements of Rule 6.18 of the Rules of Procedure of this court in that it fails to set forth verbatim the motion for nonsuit as made by defendants at the time of trial.[2] For that reason we could properly disregard this assignment of error.

---

[2] Rule 6.18 of the Rules of Procedure of this court provides:

"* * * The assignment of error must be specific and must set out verbatim the pertinent portions of the record. Assignments of error which the court can consider only by searching the record for the proceedings complained of will not be considered.

"The arrangement and wording of assignments of error so far as applicable, together with reference to page of the transcript or narrative statement, shall conform to illustrations in Appendix D."

Appendix D provides:

"Illustration 1

"The court on examination of witness ———— erred in sustaining (or failing to sustain) objection to the following question:

"(Set forth the question, the objection made, the answer given, if any, and offer of proof, if any, all verbatim.)

"* * * * *

"Illustration 3

"The court erred in denying (sustaining) the motion for judgment notwithstanding the verdict:

"(Set forth the ground of the motion.)

"* * * * *."

One of the principal reasons for Rule 6.18 is well illustrated by this case because we find, upon examining the transcript of the trial, that the ground urged in support of this motion at that time was not the same as that urged by defendants on this appeal.

Defendants now contend that the trial court erred in denying this motion because "plaintiff William Edwards, and not plaintiff Sheila Edwards, was the only real party in interest"; that Mr. Edwards was "the person who had ostensibly owned the items before they were taken over by the Denns"; that Mrs. Edwards had been separated from her husband at the time of the alleged conversion and had the burden "to prove that she retained some form of interest in the personalty," which she failed to do.

The motion for nonsuit at the time of trial was based upon the contention that plaintiff William Edwards was the sole tenant of defendants Denn (on whose property the mobile home was located) and therefore the only one who could make a claim against them for failure as landlords to safely keep property left in their possession as landlords and that plaintiff Sheila Edwards was a "complete stranger to the transaction," with the result that defendants had no obligation to her.

■ At the trial, however, defendants had also previously moved to strike the name of plaintiff William Edwards as a plaintiff on the ground that he was "simply a titular plaintiff" and that "this is her [Mrs. Edwards'] claim that she is asserting." It also appears that no contention was made at that time that plaintiff Sheila Edwards was not the owner of any of the various items of personal property in the mobile home. On the contrary, it appears that defendants' affirmative answer affirmatively alleged that on the date of the alleged conversion "there was certain personal property *belonging to plaintiffs* situated in

and about said mobile home" on which defendants claimed a landlord's lien. This admission, in addition to the testimony of Mrs. Edwards, was sufficient, in our opinion, to establish prima facie that Mrs. Edwards had such an ownership interest in the items of personal property involved in this case at the time of the conversion so as to entitle her to bring an action for conversion despite her separation from her husband at that time. Cf. *Remington v. Landolt,* 273 Or 297, 541 P2d 472 (1975), and *Genova v. Johnson,* 213 Or 47, 52, 321 P2d 1050 (1958).

■ In addition, defendants' contention on this appeal that plaintiff Sheila Edwards was not shown to have an ownership interest in the various items of personal property was not the basis for defendants' motion for nonsuit. Cf. *Harryman v. Roseburg Fire Dist.,* 244 Or 631, 633, 420 P2d 51 (1966).

2. *The overruling of defendants' objections to evidence.*

■ Defendants' second assignment of error is that "[t]he Court erred in overruling defendant Denns' objection to the admission of evidence by plaintiff Sheila Edwards concerning the value of items allegedly converted."

This assignment of error is even more clearly in violation of the requirements of Rule 6.18 which states that an "assignment of error must be specific and must set out verbatim the pertinent portions of the record."[9] This requirement is of particular importance in assignments of error involving rulings upon objection to evidence. Because the court can consider this assignment of error "only by searching the record for the proceedings complained of" it "will not be considered," as expressly provided by the terms of that rule.

---

[9] See note 2, *supra.*

We have given repeated warnings in recent years that the plain requirements of these rules must be complied with. Among other cases, see *Gordon Creek Tree Farms v. Layne et al,* 230 Or 204, 211, 358 P2d 1062, 368 P2d 737 (1962); *Wynn v. Sundquist,* 259 Or 125, 130-31, 485 P2d 1085 (1971); *Graham v. Walsh,* 259 Or 423, 487 P2d 76 (1971); *Elvalsons v. Industrial Covers, Inc.,* 269 Or 441, 443-45, 525 P2d 105 (1974); and *Pullen v. Calvert,* 270 Or 309, 311-12, 527 P2d 398 (1974).

In addition, however, we note again, upon examining the record, that the ground on which defendants urge on this appeal that the trial court erred in overruling defendants' objection to this evidence was not the same as the ground for defendants' objection to this evidence at the time of trial.

Defendants' contention on this appeal is that the trial court should have excluded the testimony of Sheila Edwards concerning the value of the items allegedly converted because she was not shown to be the owner of such items and that only the owner of the property could give such testimony. At the time of trial, however, no such contention was made and, as previously stated, there was sufficient evidence to prove, at least as a prima facie matter, that Sheila Edwards had such an ownership interest in such items as entitled her to bring an action for conversion.

Instead, the basis for defendants' objection to the testimony at the time of trial was that Mrs. Edwards had no knowledge of the "fair cash market value" of such items "on the open market." The trial court properly overruled that objection on the ground that in an action for conversion the owner of household goods is entitled to express an opinion as to the value of such goods.

The judgment of the trial court is affirmed.