On third party defendant - respondent's cost
bill filed February 4, cost bill denied April 5, 1982

ROGERSON,
*Plaintiff-Appellant,*
*v.*
BAKER,
*Defendant-Respondent - Third Party Plaintiff-Appellant,*
*v.*
ROGERSON,
*Third Party Defendant - Respondent.*
(No. 78-7560, CA 19937)
642 P2d 1216

Paul D. Clayton, Luvaas, Cobb, Richards & Fraser, P.C.,
Eugene, for the cost bill.

John C. Sihler, Eugene, appeared contra for third party
plaintiff - appellant.

Before Thornton, Presiding Judge, and Warden and
Young, Judges.

PER CURIAM

## PER CURIAM

The opinion on the merits in this case (55 Or App 1029, 643 P2d 1029 (1982)) did not contain any reference to costs on appeal. However, the costs sheet attached to the title page of the opinion carried the notation: "No costs are awarded." Nonetheless, the prevailing party, Rogerson, has filed a cost bill, together with an argument that certain legislative changes made in 1981 do not permit the court to deny costs to the prevailing party in a civil case and that, in any event, because the Court of Appeals opinion itself did not deny costs, the notation on the costs sheet is of no effect.

We reject each contention.

Under former ORS 20.030 (repealed by Or Laws 1979, ch 284, § 199), former ORS 20.040 (repealed by Or Laws 1981, ch 898, § 53) and former ORS 20.060 (repealed by Or Laws 1981, ch 898, § 53), costs were to be allowed to a prevailing party *in an equity suit* "unless the court otherwise directs" and to the prevailing party in an action at law as a matter "of course."[1] While those statutes did not specifically refer to prevailing parties on appeal, historically the Supreme Court considered them to govern appellate court authority to award costs. *See, e.g., Gowin v. Heider,* 237 Or 266, 319, 391 P2d 630 (1964). The Supreme Court also relied in *Gowin* on former ORS 20.070(1) (repealed by Or Laws 1981, ch 898, § 53) for the proposition that "in the Supreme Court costs shall be allowed to the prevailing party." 237 Or at 321. However, that statute provided only for the so-called "prevailing party" fee, not for other costs.

The only statutes that now govern costs on appeal, other than the special "prevailing party" fee now provided for in ORS 20.190, are ORS 20.310, 20.320 and 20.330. Those statutes do not contain authority for the award of costs; they simply describe what costs shall be allowed "[w]hen costs are allowed to the prevailing party on appeal to the Supreme Court or Court of Appeals."

---

[1] This distinction may be an unspoken assumption underlying the statement in *U.S. National Bank v. Smith,* 292 Or 123, 129, 637 P2d 139 (1981), that no costs or disbursements would be allowed to either party in the appeal of that case because it was an equity case.

750

■     Under ORCP 2:

> "All procedural distinctions between actions at law and suits in equity are hereby abolished, except for those distinctions specifically provided for by these rules, by statute, or by the Constitution of this state."

ORCP 68 B, Or Laws 1981, ch 898, § 7, supplants former ORS 20.040 and provides:

> "In any action, costs and disbursements shall be allowed to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, or unless the court otherwise directs. If, under a special provision of these rules or any other rule or statute, a party has a right to recover costs, such party shall also have a right to recover disbursements."

We read ORCP 68 B to be authority for the appellate courts to award costs and disbursements to the prevailing party in civil actions, just as former ORS 20.030, 20.040 and 20.060 were read to constitute that authority. Because, however, the rule picks up verbatim the discretionary language of ORS 20.030, "unless the court otherwise directs," it is clear that the legislature intended that the courts should have authority in all civil cases to deny costs and disbursements to both sides in its discretion.

■     In the present case, we exercised the discretion conferred on us by ORCP 68 B to deny costs to both sides. That we did so only on the costs sheet and not in the opinion itself is not important, because the costs sheet is a part of the decision of the court.

Cost bill denied.