Submitted on record and briefs March 23, affirmed in part, reversed in part July 6, 1983

HANCOCK et al,
*Respondents,*

*v.*

SUZANNE PROPERTIES, INC. et al,
*Defendants,*
WEST,
*Appellant.*

(41-744; CA A26258)

666 P2d 857

Gerald R. Pullen, Portland, filed the brief for appellant.

C. Brian Scott, Portland, waived appearance for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

**YOUNG, J.**

This is an appeal from the portion of the judgment awarding costs and disbursements. ORCP 68A(2). The issues concern the apportionment of costs and disbursements among the several defendants and the propriety of an allowance for deposition expenses and an expert witness fee. Only defendant West appeals. We affirm in part and reverse in part.[1]

The trial court, sitting without a jury, found for plaintiffs and entered a judgment, which provides in relevant part:

"IT IS HEREBY ORDERED AND ADJUDGED that plaintiff shall have Judgment against the Defendants herein as follows:

"1.   Plaintiffs are awarded Judgment against Robert Fletcher for general damages in the sum of $10,151.45, punitive damages in the sum of $100,000.00, and for their costs and disbursements herein incurred in the sum of $2,305.28.

"2.   Plaintiffs are awarded Judgment against Kathy Fletcher for their general damages in the sum of $10,151.45, punitive damages in the sum of $25,000.00 and for their costs and disbursements incurred herein in the sum of $2,292.28.

"3.   Plaintiffs are awarded Judgment against Defendant Suzanne Properties, Inc, for general damages in the sum of $10,151.45, punitive damages in the sum of $25,000.00 and for their costs and disbursements incurred herein in the sum of $2,292.28.

"4.   Plaintiffs are awarded Judgment against Defendant Craig West in the sum of $10,276.63 together with their costs and disbursements incurred herein in the sum of $2,287.78.

"5.   Plaintiffs are awarded Judgment against Defendant Robert Coe in the sum of $10,276.63 together with their costs and disbursements incurred herein in the sum of $2,305.28. Liability of the Defendants for the damages awarded herein is joint and several with the exception of punitive damages

---

[1] The record designated on appeal by defendant consists of the trial court file and certain correspondence between the trial judge and counsel relating to plaintiffs' costs bill. There is no trial transcript or written opinion by the trial court. The action arose out of an agreement by plaintiffs to purchase certain real property. The second amended complaint alleged four separate "claims." The first alleged common law fraud against Suzanne Properties, Inc., Robert Fletcher and Kathy Fletcher. The second sought rescission of the agreement with Suzanne Properties, Inc., for the sale and purchase of the real estate. The third alleged professional negligence against West, a lawyer. The fourth alleged professional negligence against Coe, a real estate agent.

which shall be the individual responsibility of the party against whom assessed."

■ Defendant's first assignment of error contends that the judgment involved "separate judgments" for "separate claims" within the meaning of ORCP 68C(6) and that the costs and disbursements should be apportioned equally among each of the five defendants rather than being awarded against all defendants jointly and severally. ORCP 68C(6), which replaced ORS 20.050, provides:

"C.(6) Avoidance of multiple collection of attorney fees and costs and disbursements.

"C.(6)(a) Separate judgments for separate claims. Where separate final judgments are granted in one action for separate claims, pursuant to Rule 67 B., the court shall take such steps as necessary to avoid the multiple taxation of the same attorney fees and costs and disbursements in more than one such judgment.

"C.(6)(b) Separate judgments for the same claim. When there are separate judgments entered for one claim (where separate actions are brought for the same claim against several parties who might have been joined as parties in the same action, or where pursuant to Rule 67 B. separate final judgments are entered against several parties for the same claim), attorney fees and costs and disbursements may be entered in each such judgment as provided in this rule, but satisfaction of one such judgment shall bar recovery of attorney fees or costs and disbursements included in all other judgments."

The manifest purpose of ORCP 68C(6) is the avoidance of multiple taxation of attorney fees, costs and disbursements. Under subsection (a) of that rule the trial court is compelled only to "* * * take such steps as necessary to avoid the multiple taxation of the same attorney fees and costs and disbursements * * *." The trial court's assessment against all defendants jointly and severally serves this purpose and was not error.

■ The second assignment of error concerns plaintiffs' entitlement to deposition expenses claimed in their cost bill. Defendant's contention is that they were discovery depositions and not taxable as disbursements. ORCP 68A(2). Under former ORS 20.020, the expense of discovery depositions was not recoverable. *Kendall v. Curl,* 222 Or 329, 340, 353 P2d 227 (1960). Under ORCP 68A(2), "[d]iscovery deposition costs

remain non-recoverable because the rule refers to 'necessary' deposition costs." Merrill, *Oregon Rules of Civil Procedure: A Handbook,* at 149, (hereinafter *Merrill*). The rule does not appear to alter the holding in *Kendall.* It appears, however, that in this case the depositions were not limited to discovery, but were used in part, at least, for testimonial purposes. Both plaintiffs' cost bill and defendant's objections to the cost bill state that the depositions were "used at trial." Absent any further showing, we cannot say that the trial court abused its discretion when it allowed the deposition expenses as disbursements.

In his last assignment of error, defendant argues that the trial court erred in allowing as a disbursement an expert witness fee. We agree. The expert witness was an attorney. Defendant's brief states that "plaintiffs retained an attorney as an expert witness." At trial, plaintiffs relied on *American Timber v. Niedermeyer,* 276 Or 1135, 558 P2d 1211 (1976), which affirmed an award of expert witness fees. Defendant questions the vitality of the holding in *Niedermeyer* in view of *Welch v. U.S. Bancorp,* 286 Or 673, 709, 596 P2d 947 (1979), an action for breach of contract, where the court stated:

> "Lastly plaintiff assigns as error the refusal of the trial judge to allow disbursements for depositions not read at trial and disbursements for expert witness fees. Plaintiff points out that the depositions were necessary in every sense of the word to prepare the case for trial and that the fees were necessary to obtain expert opinion and to present it at trial. The statutes do not permit recovery of such disbursements. Until the legislature acts to allow such disbursements the courts are powerless to compensate parties for such items."

Both *Niedermeyer* and *Welch* were decided before the enactment of ORCP 68. In *Niedermeyer* the court interpreted former ORS 20.020[2] (*repealed by* Or Laws 1981, ch 898, § 53)

---

[2] Former ORS 20.020 provided:

"A party entitled to costs shall also be allowed for all necessary disbursements, including the fees of officers and witnesses, the necessary expenses of taking depositions, the expense of publication of the summons or notices, and the postage where the same are served by mail, the compensation of referees, and the necessary expenses of copying any public record, book or document used as evidence on the trial."

and former ORS 20.030[3] (*repealed by* Or Laws 1979, ch 284, § 199) to allow the trial court broad discretion in awarding expert witness fees as disbursements in equity suits. *See also Ruth et ux v. Hickman,* 214 Or 490, 330 P2d 722 (1958). ORS 20.030 was repealed as part of the procedural merger of law and equity. *See* ORCP 2. *Welch v. U.S. Bancorp, supra,* was decided after the repeal of ORS 20.030 and before the enactment of ORCP 68. *Welch* stands for the general proposition that the court in a law action cannot allow disbursements absent statutory authority. In the present case, the question is whether ORCP 68A(2) and B provides that authority.

■        Costs and disbursements are defined by ORCP 68A(2) as

> "reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the fees of officers and witnesses; the necessary expenses of taking depositions; the expense of publication of summonses or notices, and the postage where the same are served by mail; the compensation of referees; the necessary expense of copying of any public record, book, or document used as evidence on the trial; a sum paid a person for executing any bond, recognizance, undertaking, stipulation, or other obligation therein; and any other expense specifically allowed by agreement, by these rules, or by other rule or statute."

The rule combines the language of former ORS 20.020 and former ORS 20.055 (premiums for undertakings). The rule *does not* change the "items recoverable as disbursements" under the former statutes. *Merrill, supra,* at 149. ORCP 68B provides:

> "In any action, costs and disbursements shall be allowed to the prevailing party, unless these rules or other rule or statute direct that in the particular case costs and disbursements shall not be allowed to the prevailing party or shall be allowed to some other party, *or unless the court otherwise directs.* If, under a special provision of these rules or any other rule or statute, a party has a right to recover costs, such party shall

---

[3] Former ORS 20.030 provided:

"In a suit, costs and disbursments shall be allowed to a party in whose favor a decree is given, in like manner and amount as an action, without reference to the amount recovered or the value of the subject of the suit, unless the court otherwise directs."

also have a right to recover disbursements." (Emphasis supplied.)

We said in *Rogerson v. Baker,* 56 Or App 748, 750, 642 P2d 1216 (1982), that

"[b]ecause * * * [ORCP 68B] picks up verbatim the discretionary language of ORS 20.030, 'unless the court otherwise directs,' it is clear that the legislature intended that the courts should have authority to deny costs and disbursements to both sides in its discretion."

*Merrill, supra,* at 149, comments that the rule

"[d]evelopes a uniform provision for entitlement to costs and disbursements. This is necessary because of the procedural merger of law and equity. The rule is the prior rule in equity and for special proceedings. The rule does not deal with right to receive attorney fees. This was considered to be a substantive rather than a procedural matter. For the same reason, the rule does not cover the amount of costs or fees."

The comment indicates that the drafters intended that, with the procedural merger of law and equity, "the prior rule in equity" would uniformly apply to legal as well as equitable-type actions and would allow the trial court discretion in determining entitlement to costs and disbursements. This principle was applied in *Rogerson v. Baker, supra.* Additionally, *Merrill, supra,* at 149, states that the rule does not address the amount of costs or fees, because "[t]his was considered to be a substantive rather than a procedural matter."

■■ The definition of recoverable "costs and disbursements" contained in ORCP 68A(2) does not include expert witness fees. It allows "fees for officers and witnesses," as did former ORS 20.020. Unless otherwise expressly allowed by statute, *see e.g.,* ORS 20.098; *Welch v. U.S. Bancorp, supra,* witness fees are limited to $5 per day. ORS 44.410.

Affirmed with respect to the joint and several assessment of costs and the allowance of deposition expenses; reversed with respect to the allowance of an expert witness fee as a disbursement.