Argued and submitted April 21, affirmed on appeal and cross-appeal June 9, 2004

In the Matter of the Marriage of

Bud L. TAYLOR,
*Appellant - Cross-Respondent,*
*and*

Fabia Jo TAYLOR,
nka Fabia Jo Pohrman,
*Respondent - Cross-Appellant.*

9911-70825; A117068

92 P3d 124

Mark Johnson argued the cause for appellant - cross-respondent Bud L. Taylor. With him on the briefs was Bennett, Hartman, Morris & Kaplan, LLP.

Brooks Cooper argued the cause for respondent - cross-appellant. With him on the briefs was James R. Cartwright.

Before Landau, Presiding Judge, and Brewer, Judge, and Leeson, Judge pro tempore.

BREWER, J.

### BREWER, J.

Husband appeals and wife cross-appeals from a judgment dissolving the parties' marriage. The parties' assignments of error focus exclusively on the property division provisions of the judgment and, in particular, the meaning and enforceability of their premarital agreement. We write only to address husband's argument that the trial court erred in awarding wife an expert witness fee in violation of the premarital agreement. Because we will not disturb the trial court's thoughtful resolution of this case, we affirm.

The parties entered into a premarital agreement on December 17, 1991, and they were married on December 31, 1991. Section XVI of the premarital agreement provided:

"ATTORNEY FEES, COSTS AND DISBURSEMENTS

"In the event a petition or suit for dissolution of marriage, limited or unlimited separation, or annulment is filed, and irrespective of which party initiates such suit or petition, each party shall pay his or her own attorney's fees, costs and disbursements as a result of such action, both at the trial level and on any appeal therefrom."

Husband filed this dissolution proceeding. It was tried in April and May 2001, and the trial court entered a dissolution judgment in December 2001. Wife then submitted an attorney fee statement that included attorney fees, costs and disbursements, and litigation expenses. Among the litigation expenses was the expert witness fee of a certified public accountant (CPA) in the sum of $29,545. Husband objected to wife's statement, arguing that each component of the award wife sought was foreclosed by section XVI of the premarital agreement. The trial court nonetheless entered a judgment awarding wife $20,000 of the CPA's fee as a litigation expense.

The construction of a contract is a question of law.[1] ORS 42.230; *May v. Chicago Insurance Co.*, 260 Or 285, 292, 490 P2d 150 (1971). If the contract is ambiguous, however,

---

[1] As noted, the parties dispute whether the premarital agreement is enforceable in whole or part. The trial court determined that the agreement is valid and enforceable, a conclusion with which we agree.

the court may admit evidence to show its meaning. ORS 42.250; *Busto v. Manufacturers Life Ins. Co.*, 276 Or 707, 712, 556 P2d 96 (1976). When a contract includes a term that is not one of common usage but nonetheless has a well-recognized legal meaning in a particular context, courts generally will adopt that meaning if the term is not differently defined in the contract. *See Anderson v. Jensen Racing, Inc.*, 324 Or 570, 579, 931 P2d 763 (1997) (applying well-recognized statutory meaning of term "prevailing party" to the use of that term in a contract that did not define the term).

By its terms, section XVI prohibits an award of "attorney fees" or "costs and disbursements" to either party in an action for dissolution of their marriage. Husband does not contend that the expert witness fee was an "attorney fee."[2] Rather, husband argues that the fee was a "cost." We turn to the meaning of that word as the parties used it in the broader term "costs and disbursements."

The parties do not suggest that the term "costs and disbursements" is ambiguous, nor did they adduce any evidence at trial regarding its intended meaning. However, the term has a well-established legal meaning in the context of the subject matter of section XVI, that is, dissolution actions. *See O'Neal and O'Neal*, 158 Or App 431, 433-35, 974 P2d 785 (1999) (holding that ORCP 68 defines costs and disbursements for purposes of dissolution actions).[3] ORCP 68 A(2) defines "costs and disbursements" as a single concept consisting of "reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, [including] the fees of officers and witnesses[.]" A fee for the services of an expert witness is not a cost or disbursement within the meaning of that provision. *Guinasso v. Pacific First Federal*, 89 Or App 270, 280, 749 P2d 577, *rev den*, 305 Or 672 (1988); *Hancock v. Suzanne Properties, Inc.*, 63 Or App 809, 814-15, 666 P2d 857 (1983) (holding that "fees" of

---

[2] ORCP 68 A(1) defines "attorney fees" as "the reasonable value of *legal services* related to the prosecution or defense of an action." (Emphasis added.)

[3] ORCP 68 C originally exempted awards of attorney fees and costs and disbursements under ORS 107.105(1)(i) from the requirements of ORCP 68. The Council on Court Procedures amended the rule in 1990 to delete that exemption.

witnesses, for purposes of ORCP 68 A(2), means the statutory fee provided by ORS 44.415). Section XVI of the premarital agreement prohibited only awards of attorney fees or costs and disbursements in a dissolution action. Therefore, it did not foreclose an award of other types of litigation expenses, including expert witness fees, in such an action.

The question remains whether the trial court was authorized to make the expert witness fee award to wife, notwithstanding that ORCP 68 did not furnish such authority. We conclude that the court had such authority. ORS 107.105(1)(i) (1999) provided that, when a court granted a judgment of dissolution, it also could enter a judgment against one party in favor of the other for "any further sums as additional attorney fees or additional costs and *expenses of suit or defense* as the court finds reasonably and necessarily incurred by such party[.]" (Emphasis added.) That version of the statute was in effect when this case was tried and when the trial court entered the judgment. It authorized the trial court to award an expert witness fee as an expense of suit or defense. *Fowler and Fowler*, 52 Or App 223, 228, 627 P2d 1304 (1981).[4] Because husband does not contend that, if the court had authority to make the award, it abused its discretion in doing so, we need not consider that issue. *See Gilbert-Walters and Walters*, 177 Or App 133, 143, 33 P3d 709 (2001) (reviewing award under ORS 107.105(1)(i) for abuse of discretion).

In conclusion, the parties' premarital agreement prohibited the trial court from making an award of attorney fees or costs and disbursements to either party. However, the expert witness fee that the trial court awarded was not an attorney fee or a cost or disbursement. Therefore, the premarital agreement did not proscribe such an award. The trial court was authorized to make the expert witness fee award

---

[4] In *Fowler*, this court construed ORS 107.105(1)(h) (1979). As pertinent here, that version of the statute was identical to ORS 107.105(1)(i) (1999).

The 2003 legislature amended ORS 107.105 to delete former subsection (1)(i) and replace it with new subsection (1)(j). Or Laws 2003, ch 576, § 109. ORS 107.105(1)(j) authorizes an award of "attorney fees," but it does not authorize an award of other "expenses." Because the 2003 version of the statute does not apply to this case, we need not now determine whether it deprives trial courts of statutory authority to make expert witness fee awards.

as an expense under ORS 107.105(1)(i) (1999), and it did not err in doing so.

Affirmed on appeal and cross-appeal.