Argued and submitted January 14, affirmed August 10, 2005

In the Matter of
Joel Brewster Norris, deceased.

Marvine NORRIS,
*Appellant,*

*v.*

Joel Bruce NORRIS,
Personal Representative of the Estate of
Joel Brewster Norris,
*Respondent.*

03-013-P7; A122402

118 P3d 266

Matthew G. Fawcett argued the cause and filed the briefs for appellant.

J. Scott Russo argued the cause for respondent. With him on the brief were Ann K. Leahy and Dubia, Erickson, Tenerelli & Ross, LLP, and Richard Stark and Stark & Hammack, P.C.

Before Edmonds, Presiding Judge, and Wollheim* and Schuman, Judges.

WOLLHEIM, J.

_____

* Wollheim, J., *vice* Richardson, S. J.

## WOLLHEIM, J.

■    Marvine Norris (widow) appeals from the judgment of the probate court denying her intestate share of her husband's estate pursuant to ORS 112.455 to 112.555, and also appeals from the supplemental judgment awarding costs. Widow argues that the trial court erred in holding that she was not entitled to receive her share of the decedent's estate as the surviving spouse. Widow also argues that the trial court erred in overruling her objection to the inclusion of witness fees and mileage in the calculation of costs because the witnesses were not under subpoena. We reject widow's first assignment of error without further discussion. We write only to address widow's second assignment of error. We review for errors of law and affirm.

The only pertinent facts are that the witnesses at trial were not subpoenaed and they traveled some distance to testify at the trial. Respondent prevailed and submitted a statement of costs and disbursements, which included witness fees and mileage reimbursement as costs. Widow objected. The trial court overruled widow's objection and included witness fees and mileage reimbursement as costs in the supplemental judgment.

Widow argues that, because the witnesses were not under subpoena, the trial court was prohibited from awarding witness fees and mileage reimbursement. Respondent argues that, if a witness testifies at trial and is required to travel to testify at trial, then the prevailing party is entitled to recover witness fees and mileage reimbursement.

■    The issue in this case requires us to construe ORS 44.415(1). In construing the statute, we apply the familiar methodology established in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). We first consider the text and context of the statute because the statute's wording "is the best evidence of the legislature's intent." *Id.* at 610. With that in mind, we turn to the statute at issue.

ORS 44.415(1) provides:

"Except as provided in subsection (2) of this section, a person is entitled to receive $30 for each day's attendance

as a witness and mileage reimbursement at the rate of 25 cents a mile *if the person is required to travel from a place within this state or outside this state in order to perform the duties as a witness.* Total mileage reimbursement shall not exceed the necessary cost of transportation on reasonably available common carriers."

(Emphasis added.)

According to widow, a person is not "required" to appear and testify unless that person has been subpoenaed to testify. Because the witnesses here had not been subpoenaed, there was no requirement that the witnesses attend the trial. Therefore, according to widow, ORS 44.415(1) does not allow the recovery of either witness fees or mileage reimbursement.[1] We disagree.

As a matter of logic, a literal reading of the statute does not support widow's argument. The verb "required" refers to the phrase "to travel" and not to the phrase "to perform duties as a witness." Thus, whether subpoenaed or not, if a witness must travel to testify in a trial, that witness is entitled to witness fees and mileage reimbursement. Whether a witness is actually subpoenaed is irrelevant to whether a witness is "required to travel."[2]

The trial court did not err in allowing respondent to recover witness fees and mileage reimbursement as costs.

Affirmed.

---

[1] Widow also relies on ORS 21.660 and ORCP 55 A. ORS 21.660 provides that a witness can demand advance payment before appearing in court. Here, the witnesses appeared without demanding advance payment. ORCP 55 A defines a subpoena. The witnesses here had not been subpoenaed. Neither the statute nor the rule assists widow.

[2] The Supreme Court considered this issue more than 100 years ago in *Perham v. Portland Electric Co.*, 33 Or 451, 483, 53 P 14 (1898). The court held that a prevailing party is entitled to recover witness fees and mileage reimbursement as costs, even though the witnesses were not under subpoena. Although, no statute similar to ORS 44.415(1) existed at that time, the court referred to the allowance of such costs as "wholesome."