I. INTRODUCTION
Following the court's decision in Freitag v. Dept. of Rev.,18 OTR 368 (2005), Lincoln County (the county) filed a Statement for Award of Attorney Fees and Costs and Disbursements under Tax Court Rule (TCR) 68 and ORS 20.105.[1] Plaintiffs (taxpayers) timely objected to that statement. The court held a hearing on the matter and received evidence from taxpayers consisting of a copy of the trial transcript; the county submitted no evidence.
 II. FACTS
In the statement, the county seeks $2,610 in expenses for work performed by its attorney and $5,400 in expenses for work performed by two appraisers. Taxpayers object to the award on two grounds. First, taxpayers contend *Page 39 
that the county cannot be reimbursed for the $5,400 in appraiser expenses because ORS 20.105 speaks only of attorney fees and because the appraisers are not attorneys. Second, taxpayers assert that their claims were "objectively reasonable" so as to preclude an award of attorney fees under ORS 20.105, both because they submitted factual and legal support for their arguments and because, in three of the cases in this consolidated matter (TC 4718, TC 4719, and TC 4723) the court denied the county's motion to dismiss. Taxpayers contend that a claim cannot both survive a motion to dismiss and be "objectively reasonable."
 III. ISSUE
Is the county entitled to an award of attorney fees and costs and disbursements?
 IV. ANALYSIS
ORS 20.105(1) states:
 "In any civil action, suit or other proceeding in * * * the Oregon Tax Court, * * * the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that * * * there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."
1. Taxpayer is correct that the statute speaks only of "attorney fees" and not fees for appraisers or other witnesses.See also TCR 68 A(1) (defining "attorney fees" as "the reasonable value of legal services related to the prosecution or defense of an action"). The county has not suggested any textual or contextual grounds for concluding otherwise, and the court is aware of none; therefore, the court concludes that ORS 20.105
provides no basis for the court to award the county the $5,400 in appraiser fees. See PGE v. Bureau of Labor and Industries,317 Or 606, 610-12, 859 P2d 1143 (1993) (holding that a court, in construing a statute, need not look beyond the text and context of the statute when those point to a single, clear meaning). Neither has the county suggested, nor is the court aware of, any other statute or contract allowing the court to award the county, as attorney fees, the *Page 40 
$5,400 in appraiser fees. Care Medical Equipment, Inc. v.Baldwin, 331 Or 413, 417 n 3, 15 P3d 561 (2000) ("Generally, a party is not entitled to an award of attorney fees unless the award is authorized by statute or by a specific contractual provision.").
2. The county may therefore only recover the $5,400 in appraiser fees if those fees qualify as costs and disbursements. TCR 68 A(2) states that "`Costs and disbursements' are reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the fees of officers; the statutory fees for witnesses;" and other costs, such as those for postage, copying, recordation of documents, and interpreter services. That TCR 68 A(2) refers to fees for witnesses as "the statutory fees for witnesses" confirms that costs and disbursements include only those witness fees provided for by statute, and no other witness fees or expenses.[2]
Yet no statutory right to collect witness fees exists in these consolidated cases. For instance, neither ORS 20.107 (requiring award of expert witness fees in discrimination cases) nor ORS305.490 (allowing award of expert witness fees in cases where the court finds in favor of a taxpayer), nor ORS 305.492 (requiring award of witness fees in cases where a witness is subpoenaed or deposed), applies to these consolidated cases. Accordingly, the county cannot recover the $5,400 it paid its appraisers.
3, 4. The question remains whether the county may recover under ORS 20.105 the $2,610 it paid its attorney in these consolidated cases.[3] Under that statute, "the court *Page 41 
must award attorney fees to the prevailing party in situations in which the court finds that the nonprevailing party's claims, defenses, or ground for appeal are not objectively reasonable."Yanez v. Washington County Assessor, 18 OTR 276, 282 (2005). In these consolidated cases, the county was the prevailing party and taxpayers were the nonprevailing parties. The court has elaborated on the methodology by which it evaluates the objective reasonableness of a party's claims in Patton II v. Dept. ofRev., 18 OTR 256 (2005). In short, a party's claim is objectively unreasonable if it is "entirely devoid of legal or factual support." Id. at 263 (quoting Dimeo v. Gesik,195 Or App 362, 371, 98 P3d 397 (2004)).
Taxpayers first argue that their claims cannot be considered objectively unreasonable because, in three of the cases (TC 4718, TC 4719, and TC 4723), the court denied the county's motion to dismiss at trial. That argument is related to taxpayers' contention that their claims were supported by law and fact. Neither argument is well taken. As the court noted in its earlier decision in these consolidated cases, it previously had not had an opportunity to articulate the standard by which it will consider a motion to dismiss under TCR 60. Freitag,18 OTR at 373. The court enunciated that standard in Freitag:
 "In order to prevail on a motion for directed verdict pursuant to TCR 60, the moving party must demonstrate that the record contains no evidence to support the nonmoving party's claim or claims. The court will not weigh the evidence; rather, it will consider the entire record and afford the nonmoving party all reasonable inferences drawn therefrom, in the light most favorable to that party."
Id. at 373 (citations omitted).
In TC 4717, the court granted the county's motion because taxpayers had offered "no evidence in support of [their] position and, therefore, nothing on which to support any contrary conclusion or even any contrary inferences." Id. at 374. In the other cases, however, taxpayers did offer evidence, in the form of testimony, in support of their claims, which "the county was unable to displace * * * during taxpayers' case-in-chief." Id.
at 375. Accordingly, the court denied the county's motions in those cases. Id. at 375 n 3. Yet in *Page 42 
each of those cases, once the county presented its case-in-chief, introducing new evidence and countering taxpayers' evidence, the court ultimately found for the county. See id. at 375-76, 377, 379. That fact underscores the difference between the standards applied by the court in reviewing a motion for dismissal at trial brought under TCR 60 and deciding whether taxpayers, as the party seeking affirmative relief, have shown by a preponderance of the evidence that the assessment was incorrect. ORS 305.437 (stating the preponderance of the evidence standard); Miller v. Dept. ofRev., 16 OTR 4, 5 (2001) (same).
In TC 4718, for instance, Plaintiff Kurt E. Freitag testified that the county had miscalculated the value of the property because, although the county's appraisal stated that the property was a .96 acre parcel, the actual size of the parcel was approximately half an acre, and the value of the property was therefore approximately half that urged by the county. Freitag,18 OTR at 374. When the county moved for dismissal under TCR 60, that testimony was in evidence, and it supported taxpayers' claim of error in the county's valuation of the property. Id. More importantly, it supported a finding that the value of taxpayer's property was approximately $92,500, instead of the $185,000 stated in the county's appraisal. Id. Accordingly, in evaluating the county's motion, the court found that the record contained evidence that supported taxpayers' claim, and denied the motion, as it had to. Id. However, during the county's case-in-chief, its appraiser testified that "he had valued the land based on its effective area of * * * roughly .4 acre." Id.
at 375. Finding that testimony persuasive, the court concluded that, ultimately, "taxpayers' case amounts to nothing more than an ineffectual attack on the county's appraisal," and found for the county. Id. at 375-76. Similarly, in TC 4719, it became clear during the county's case-in-chief that taxpayers had offered nothing more than another ineffectual attack on the county's appraisal in that they had "failed to offer any evidence in support of [their] criticisms of the county's appraisal,"id. at 376, and that they had pursued "a unique theory of property valuation" that was not credible, but rather inconsistent and unsupported by the evidence, the law, or by appraisal theory. Id. Again, in TC 4723, it became *Page 43 
clear during the county's case-in-chief that taxpayers had "submitted no evidence as to value, other than testimony from Freitag," and that other evidence supporting the county's appraisal was effectively uncontroverted. Id. at 378.
5. The history of these consolidated cases makes clear that it is possible to survive a motion to dismiss brought under TCR 60 with a position that is "entirely devoid of legal or factual support." Patton II, 18 OTR at 263 (quoting Dimeo v. Gesik,195 Or App 362, 371, 98 P3d 397 (2004)). Indeed, taxpayers' position in three of the cases did survive such a motion, not because it was supported by either law or fact, but because of the high bar the county had to overcome to succeed on its motion to dismiss. In effect, at the time it ruled on the county's motions, the court had to assume the validity of Freitag's testimony regarding the valuation of taxpayers' property because there was nothing in the record that was strong enough to supplant it in persuasiveness.[4] In TC 4718, for instance, the county had no way to disprove Freitag's characterization of the county's appraisal until it could put its appraiser on the witness stand, something it could not do during taxpayers' case-in-chief. Once the county was able to present its case-in-chief, however, the flimsy nature of Freitag's testimony became clear. In other words, Freitag's testimony, which provided the evidence taxpayers needed to survive the county's motions to dismiss in TC 4718, TC 4719, and TC 4723, turned out in each case to lack support in terms of either legal or factual substantiation once it came under scrutiny.[5] *Page 44 
6. It is well settled that taxpayers challenging a government assessment must substantiate their claims with evidence. SeePoddar v. Dept. of Rev., 18 OTR 324 (2005) ("[I]t is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property." (CitingWoods v. Dept. of Rev., 16 OTR 56, 59 (2002)). In the normal case, that evidence would come in the form of an expert appraisal. It could even be the case that taxpayer testimony alone might constitute the necessary substantiation if the taxpayer himself is an appraisal expert or if other circumstances not present here exist. Yet a taxpayer not relying on an expert appraisal must offer something beyond his own testimony and theories about the law of property valuation to succeed at trial, to survive a motion for dismissal at trial, or, ultimately, to have put forth any legal or factual support for his claims. SeeNewton v. Clackamas County Assessor, 18 OTR 389, 390 (2006) (dismissing valuation claim at trial and awarding attorney fees where the taxpayers "presented no evidence to support their valuation of their property").
The necessary substantiation can come in many forms, for example through evidence of income, comparable sales, or other indicators of value. Those are things that even a taxpayer unversed in appraisal techniques can locate and use persuasively to substantiate a claim of value. Additionally, a taxpayer, even one who is not an expert appraiser, might rely solely on the county's appraisal to substantiate his own, alternative determination of value; that would be possible, for instance, if the taxpayer first attacked the appraisal by identifying flaws in methodology, calculations, or conclusions, and then the taxpayer, using those parts of the appraisal that remained reliable, offered a different value conclusion based on sound reasoning and generally accepted appraisal principles.[6] Other possibilities may exist by which a taxpayer might substantiate a claim as to the value of property.
7. In the instant case, however, as has been belabored by the court in both its previous and present decisions in this *Page 45 
matter, taxpayers chose to offer nothing to substantiate their claims but bald testimony and erroneous theories. The unreasonableness of taxpayers' position is underscored by the fact that they received personal notice regarding the law on substantiation through the decision of the magistrate, which rejected many of the same arguments that taxpayers raised in this division, again without substantiation; those facts have been relied on by the court before to determine that a taxpayer's position is objectively unreasonable. See Patton II,18 OTR at 263-64. It cannot be gainsaid that taxpayers' position here was "entirely devoid of legal or factual support," id. at 263, and that, therefore, "there was no objectively reasonable basis for asserting [taxpayers'] claim." ORS 20.105. Taxpayers are liable to the county for the $2,610 in attorney fees it incurred in these consolidated cases.
8. The award of attorney fees in this matter raises the issue of whether Defendant Department of Revenue (the department) is entitled to an award of damages under ORS 305.437.[7] That is because, "[f]or the purposes of ORS 305.437, this court analyzes objective reasonableness under the same standard as that used under ORS 20.105." Yanez, 18 OTR at 281. Here, the court has already found that taxpayers have taken a frivolous position, as evidenced by the court's award of attorney fees to the county under ORS 20.105. It follows that the department is entitled to an award of damages under ORS 305.437. See Croslin v. Dept. ofRev., 18 OTR 296, 297 (2005) (noting the "mandatory nature" of ORS 305.437); Sesma v. Dept. of Rev., 16 OTR 29, 31 (2002) ("The court notes that although it is given discretion as to the amount of damages to award, it does not have discretion to deny an award.").[8] *Page 46 
 V. CONCLUSION
The court concludes that, in these consolidated cases, the county may not recover the $5,400 in appraiser fees sought in the statement, but that, because taxpayers made objectively unreasonable arguments, the county may recover the $2,610 in attorney fees sought in the statement, and the department is entitled to an award of damages under ORS 305.437. Now, therefore,
IT IS ORDERED that Plaintiffs shall pay Defendant Lincoln County Assessor attorney fees under ORS 20.105 in the amount of $2,610; and
IT IS FURTHER ORDERED that Plaintiffs shall pay Defendant Department of Revenue damages under ORS 305.437 in the amount of $1,000; and
IT IS FURTHER ORDERED that Defendant Lincoln County Assessor shall prepare an appropriate supplemental judgment to that effect.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition.
[2] That result is confirmed by analogy to Oregon Rule of Civil Procedure (ORCP) 68 A(2), the counterpart to TCR 68 A(2), which defines costs and disbursements, in part, as "the fees of officers and witnesses." That difference in language would seem to inure to the county's benefit in this matter, as ORCP 68 A(2) does not specifically refer to statutory witness fees. Nonetheless, "[a] fee for the services of an expert witness is not a cost or disbursement within the meaning of [ORCP 68 A(2)]."Taylor and Taylor, 193 Or App 694, 697, 92 P3d 124 (2004). Moreover, even under ORCP 68 A(2) the witness fees included in the costs and disbursements allowable to a party mean only those fees provided for by ORS 44.415. Id. at 697-98 (citing Hancockv. Suzanne Properties, Inc., 63 Or App 809, 814-15, 666 P2d 857
(1983)).
[3] The county has suggested no other basis for an award of attorney fees, and the court is aware of no other provision that applies.
[4] In the only case in which the court granted the county's motion to dismiss at trial, taxpayer had provided no testimony or other evidence at all.
[5] Similarly, one can imagine a situation in which a taxpayer introduces into evidence, during his case-in-chief, false documents or testimony, which support his claims. See Hill v.Dept. of Rev., 17 OTR 409, 411 (2004) (the taxpayer tendered to the court checks which were not genuine). If the false nature of the documents or testimony were not discovered by the close of the taxpayer's case-in-chief, the court might have to deny a motion to dismiss brought under TCR 60. Yet, if the county were to prove the false nature of the documents or testimony during its case-in-chief, the court might find for the county and award it attorney fees because the taxpayer's position would then be shown to have been without legal or factual support. Cf. Hill,17 OTR at 413 ("The court finds that taxpayer's position was based on documents he created or caused to be created and which he submitted to * * * this court when he knew that they were not genuine. Such a position does not have an objectively reasonable basis and is groundless.").
[6] That is apparently the approach taxpayers took in TC 4718, although it ultimately failed because it was based on a false premise.
[7] ORS 305.437(1) provides that the court must award the department damages whenever a "taxpayer's position * * * is frivolous or groundless." ORS 305.437(2) defines a position as frivolous "if there was no objectively reasonable basis for asserting the position."
[8] In Dept. of Transportation v. El Dorado Properties, the Court of Appeals described:
 "the general rule that an owner may always testify about the value of property without demonstrating special knowledge, skill, or training, even if the owner has little knowledge of the value of the property. See Edwards v. Uncle Don's Mobile City, 273 Or 746, 751, 543 P2d 4 (1975); Lunda v. Matthews, 46 Or App 701, 709-10, 613 P2d 63 (1980). * * *
 "The rule that the owner of property may testify to its value has little if anything to do with the owner's expertise in appraising property. It may be that the owner is disqualified if the owner has no
knowledge of the market value of the property. See Lunda, 46 Or App at 710. However, despite their scepticism about the wisdom of permitting an owner to testify with no other foundation than the fact of ownership, see Freedman [v. Cholick et ux], 233 Or [569, 577, 379 P2d 575 (1963)], Oregon courts have never actually disqualified an owner on that ground. `The competency of an owner to testify as to the market value of his own property is not conditioned upon his knowledge of the market value of other similar property in the vicinity.' Lewis v. Worldwide Imports, Inc., 238 Or 580, 584, 395 P2d 922 (1964). The owner, that is, is not qualified as an expert, nor is the owner's testimony the evidence of an expert. The owner simply testifies, and that testimony is sufficient to support an award of damages. See Lunda, 46 Or App at 709-10."
157 Or App 624, 635-36,971 P2d 481 (1998) (emphasis in original; footnote omitted).
This court's decision today does not detract from a property owner's ability to testify regarding the value of his property. The court merely finds that such testimony, by itself, unsubstantiated by an appraisal or any other evidence, will rarely constitute factual or legal support for the taxpayer's determination of value, such that the taxpayer's position could be said to be objectively reasonable. In short, although taxpayers remain free to testify as to the value of their property, they cannot expect to avoid an award of attorney fees and damages if that is all they offer. Cf. id. at 637 ("[T]he rule allowing an owner to testify as to value with no qualification other than being an owner does not permit the owner to rely on impermissible criteria as the basis for that testimony."). *Page 47