IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

MEDFORD PROPERTY GROUP LLC,    )
   )
      Plaintiff,    )   TC-MD 170135N
   )
      v.    )
   )
JACKSON COUNTY ASSESSOR,    )
   )
      Defendant.    )   **FINAL DECISION OF DISMISSAL**

The court entered its Final Decision of Dismissal in this case on October 12, 2017.

Defendant timely filed its statement for costs and disbursements on October 23, 2017. Plaintiff

filed its objection on October 26, 2017. This case is now ready for final decision by the court.

The court's Final Decision of Dismissal incorporates its Decision of Dismissal without change in

section I. The court's analysis and determination of Defendant's statement for costs and

disbursements is contained in section II.

## I. DECISION OF DISMISSAL

This matter came before the court on Plaintiff's Motion to Dismiss (Motion), filed

October 10, 2017. Plaintiff attached a certificate of service stating that the Motion was served on

Defendant via facsimile on October 10, 2017.

When a plaintiff files a motion to dismiss or withdraw its complaint, Tax Court Rule-

Magistrate Division (TCR-MD) 7 E generally provides the nonmoving party with "10 days from

the date of service to file a response before the court will rule on the motion."

Trial in this matter was scheduled for 9:00 a.m. on October 10, 2017, in the Oregon Tax

Court in Salem, Oregon. Because of the timing of Plaintiff's Motion and the travel time required

for Defendant's representatives to appear in person, Defendant's representatives arrived at the

court without knowledge of Plaintiff's Motion. The court provided Defendant's representatives with a copy of Plaintiff's Motion and convened trial at 9:00 a.m. to allow Defendant an opportunity to respond to the Motion. Defendant's representatives confirmed that dismissal of Plaintiff's Complaint would effectively sustain the 2016-17 tax roll values. Because that is the relief sought by Defendant in this matter, Defendant did not object to Plaintiff's Motion.

## II. COSTS AND DISBURSEMENTS FACTS AND ANALYSIS

Defendant requested an award of costs and disbursements in the amount of $492.55 because Defendant "incurred unnecessary costs because of Plaintiff's untimely Motion to Dismiss." (Def's Cost Statement at 1.) Defendant's accounting is summarized as follows:

| | |
|---|---|
| Lodging for three individuals | $ 309.12 |
| Gas | $ 28.00 |
| Meals for three individuals | $ 113.68 |
| Two appraisal report copies | $ 28.00 |
| Postage | $ 13.75 |

Defendant attached receipts to support those expenses. Plaintiff objected to a cost award in this case, asserting that Defendant's costs do not fall within the definition of "costs and disbursements" under TCR-MD 16 A.

A.  *Authority to Award Costs and Disbursements*

"Costs, like attorney fees, are not recoverable in the absence of a statute or contractual provision authorizing the award. Any entitlement to costs must be found in, and is limited by, statute." *Compton v. Weyerhaeuser*, 302 Or 366, 367, 730 P2d 540 (1986) (citation omitted) *superseded by statute on other grounds*, Or Laws 1987, ch 250, § 4; *see also Portland General Elec. Co. v. Dept. of Rev.*, TC 2542, WL 126215 (1988) (explaining that "[i]t has long been the rule that the recovery of costs and disbursements is allowed only by virtue of statutory authority, there being no right to such recovery at common law.").

Magistrates of the Oregon Tax Court have discretionary authority to award costs and disbursements to prevailing parties under ORS 305.490(2). *Wihtol I v. Dept. of Rev.*, 21 OTR 260, 267-68 (2013). "Costs and disbursements" are defined by TCR-MD 16 A as

> "reasonable and necessary expenses incurred in the prosecution or defense of an action other than for legal services, and include the filing fee; the statutory fees for witnesses; the necessary expense of copying of any public record, book, or document used as evidence in the trial; and any other expense specifically allowed by agreement, by these rules, by [Tax Court Rule] TCR 68 A(2), or by other rule or statute."

An expense is not allowable simply because it is "reasonable and necessary" if it is not authorized by agreement, rule, or statute. *See Welch v. U.S. Bancorp*, 286 Or 673, 709-10, 596 P2d 947 (1979) (holding that the court was "powerless" to award "necessary" expert expenses and deposition expenses not permitted by statute); *see also Hancock v. Suzanne Properties, Inc.*, 63 Or App 809, 814-15, 666 P2d 857 (1983) (holding that the trial court erred in allowing expert witness fee as a disbursement where it was not included in the definition of recoverable costs and disbursements contained in ORCP 68 A(2)).

B.      *Defendant's Statement for Costs and Disbursements*

As the party that received a favorable decision on the claim before the court, Defendant is the prevailing party. *See* ORS 20.077 (defining prevailing party for purposes of an attorney fee award); *see also Ellison v. Dept. of Rev.*, 362 Or 148, 164-65, __ P3d __ (2017) (explaining that a "prevailing party" includes a party who has successfully defended against another party's claim); *see also Dean Vincent, Inc. v. Krishell Laboratories, Inc.*, 271 Or 356 (1975) (allowing attorney fees to a defendant when plaintiff took a voluntary nonsuit).

The court's authority to award costs and disbursements to a prevailing party is discretionary. Here, the court finds an award of costs and disbursements is appropriate because Plaintiff moved to dismiss its Complaint on the morning of trial and, as a result of the timing of

Plaintiff's motion to dismiss, Defendant incurred expenses associated with sending its representatives to trial in Salem, Oregon.

Having determined that Defendant should receive an award of costs and disbursements in this matter, the next question is the amount of the award allowed under TCR-MD 16 A. As Plaintiff noted in its objection, some of the costs and disbursements requested by Defendant may not be permitted under TCR-MD 16 A.

"[T]he necessary expense of copying of any public record, book, or document used as evidence in the trial" is allowable under the rule. Accordingly, Defendant's payment of $28.00 for two appraisal reports is allowed. TCR-MD 16 A allows for "any other expense specifically allowed *** by TCR 68 A(2), or by any other rule or statute." TCR 68 A(2) defines the "postage for summonses or notices" as allowable costs and disbursements. Accordingly, Defendant's payment of $13.75 for postage is also allowed because Defendant was required under TCR-MD 12 C to provide copies of its exhibits to Plaintiff and the court prior to trial.

Defendant's remaining expenses are associated with sending its three representatives to Salem, Oregon for trial. TCR-MD 16 A specifically allows "the statutory fees for witnesses." That phrase "confirms that costs and disbursements include only those witness fees provided for by statute, and no other witness fees or expenses." *See Freitag v. Dept. of Rev.*, 19 OTR 37, 40 (2006). Pursuant to ORS 44.415(2),

> "In * * * any proceeding where a public body is a party, a person is entitled to receive $5 for each day's attendance as a witness and mileage reimbursement at the rate of eight cents a mile if the person is required to travel from a place within or outside this state in order to perform duties as a witness. Total mileage reimbursement shall not exceed the necessary cost of transportation on reasonably available common carriers."[1]

---

[1] The definition of "public body" includes a county. ORS 44.415(3).

In this case, Defendant sent its appraiser to testify as a witness.[2] Defendant's witness traveled from Medford, Oregon, to Salem, Oregon, a distance of approximately 229 miles, one way. At $0.08 per mile, the round trip exceeds the $28.00 that Defendant paid for gas. Accordingly, Defendant is allowed $28.00 for its witness' necessary cost of transportation to trial. The court finds no authority to allow an award for lodging or meals.

Based on the foregoing, Defendant is awarded costs and disbursements in the amount of $69.75. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed.

IT IS FURTHER DECIDED that Defendant is awarded costs and disbursements in the amount of $69.75.

Dated this ____ day of November 2017.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer and entered on November 29, 2017.*

---

[2] The witness fee may be allowed even though the witness did not ultimately testify due to an unforeseen circumstance, so long as the evidence that would have been offered was "material, important and necessary." *Green v. Uncle Don's Mobile City*, 279 Or 425, 433, 568 P2d 1375 (1977). That standard is satisfied in this case because Defendant's appraiser appeared at trial to give testimony concerning his appraisal report. Defendant's appraiser did not testify because Plaintiff dismissed its Complaint on the morning of trial. The witness fee may be allowed even though the witness did not appear under subpoena. *See Norris v. Norris*, 201 Or App 162, 165, 118 P3d 266 (2005).