IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| WHITE OAK RIVER INC., an Oregon corporation, | ) ) ) | |
| Plaintiff, | ) ) | TC-MD 210002G |
| v. | ) ) | |
| WASHINGTON COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **ORDER DISMISSING COMPLAINT** |

This matter came before the court on Defendant's oral motion to dismiss Plaintiff's

Complaint for lack of evidence, made pursuant to TCR 60 and TCR–MD 11 B.[1]  Plaintiff did not

oppose dismissal, but requested the court exercise discretion to dismiss without prejudice under

TCR 54.  Both Plaintiff and Defendant were represented by counsel.

Plaintiff did not exchange trial exhibits and was unprepared to offer evidence at the outset

of a two-day trial.  At first, the parties orally agreed to the entry of a judgment, and the hearing

was adjourned.  A few minutes later, the parties requested a second hearing, at which they

revoked their agreement.[2]  The parties then argued Defendant's pending motion to dismiss the

Complaint for an alleged discovery violation.  The court adjourned the second hearing after

stating its intent to grant Defendant's motion in a written order, but reconsidered and called a

third hearing at which it denied Defendant's motion.  Defendant thereafter moved to dismiss

with prejudice under TCR 60.

---

[1] Tax Court Rules (TCR); Tax Court Rules – Magistrate Division (TCR–MD)

[2] Counsel for both parties were concerned about the potential appealability of a judgment that was not styled a "stipulated judgment," with Plaintiff's counsel seeking to preserve the right of appeal and Defendant's seeking to foreclose it.  To the extent the parties' concerns were informed by circuit court procedures, they should be aware that "ORS chapter 18 does not apply to the Tax Court." *Perkins v. Dept. of Rev.*, 22 OTR 370, 378 (2017); *see* ORS 18.025 (omitting Tax Court from list of courts to which chapter 18 applies).

Plaintiff did not object to dismissal, but made two requests. Firstly, that the court issue an appealable decision before issuing a non-appealable judgment. Secondly, that the court exercise its discretion to dismiss the Complaint without prejudice under TCR 54 rather than TCR 60.

Regarding Plaintiff's first request, the court issues written decisions as a matter of course. TCR–MD 17. Such decisions may be appealed to the Regular Division. TCR–MD 19 A. The court may enter a judgment without a prior decision in cases where parties reach a stipulated agreement or where the plaintiff withdraws and the defendant waives costs. TCR–MD 20.

Here, the parties reached an agreement at the time of trial, and the court could sign the judgment to which the parties then agreed. *See* TCR–MD 20 B. Given the rapidly ensuing subsequent events, the court opts to instead issue this order. Unless a stipulated agreement is reached or a withdrawal is filed, this order will be followed by an appealable decision.[3]

Regarding Plaintiff's second request, TCR 60 states:

> "Any party may move for a dismissal at the close of the evidence offered by an opponent or at the close of all the evidence. A party who moves for dismissal at the close of the evidence offered by an opponent may offer evidence

---

[3] That process resembles the one followed in three substantially identical cases that Plaintiff urges the court to consider: *Sunshine Dairy Foods, Inc. v. Multnomah County Assessor*, TC–MD 120871D, 2014 WL 1327821 (April 3, 2014); *Sunshine Dairy Foods, Inc. v. Multnomah County Assessor*, TC–MD 130164D, 2014 WL 1327852 (April 3, 2014); and *Sunshine Dairy Foods, Inc. v. Multnomah County Assessor*, TC–MD 120868D, 2014 WL 1327782 (April 3, 2014). The magistrate dismissed the *Sunshine Dairy* cases on the first day of trial, granting the defendant's motion *in limine* and stating: "Plaintiff requested that if the court were to grant Defendant's Motion, Plaintiff would pursue its appeal in the Regular Division of the Oregon Tax Court."

The statement quoted from *Sunshine Dairy* merely reports a request made by the plaintiff, and in no way implies that a party appealing from a magistrate's dismissal is guaranteed a full proceeding on the merits in the Regular Division. The Regular Division has stated that where a decision of dismissal is appealed, "the first step the Regular Division will take is to decide whether dismissal was proper. If so, [the Regular Division] will likewise dismiss the appeal and issue a judgment against the party dismissed." *Salisbury v. Dept. of Rev.*, TC 5400, 2021 WL 1323313 at *5 (Or Tax Apr 8, 2021).

Note that since the *Sunshine Dairy* cases were issued, the Magistrate Division rules have changed, and parties should no longer wait for a document entitled "Final Decision" before appealing a magistrate's decision. *See* TCR–MD 19 B(1); *compare* TCR–MD 16 (2014) *with* TCR–MD 17 (2022) (court no longer issues "final decision" after written decision).

in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for dismissal which is not granted is not a waiver of trial even though all parties to the action have moved for dismissal. A motion for dismissal must state the specific grounds therefor. *The judgment of the court granting a motion for dismissal will be with prejudice. If a motion for dismissal is made by the party against whom the claim is asserted, the court may, at its discretion, give a judgment of dismissal without prejudice under TCR 54 rather than with prejudice.*"

(Emphasis added.) As is clear from the emphasized text, judgments granted pursuant to TCR 60 are with prejudice. Dismissals under TCR 54, on the other hand, are without prejudice unless otherwise specified in the judgment. TCR 54 B(4). TCR 54 B(2) states:

> "After the plaintiff in an action tried has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment of dismissal against the plaintiff or may decline to render any judgment until the close of all the evidence."

The standard for granting dismissal under TCR 60 is a high one, requiring a demonstration "that the record contains no evidence to support the nonmoving party's claim or claims." *Freitag v. Dept. of Rev.*, 18 OTR 368, 373–74 (2005) (*Freitag I*). Crucially, the court will not weigh the evidence in ruling on such a motion; instead, "it will consider the entire record and afford the nonmoving party all reasonable inferences drawn therefrom, in the light most favorable to that party." *Id*. Thus, "it is possible to survive a motion to dismiss brought under TCR 60 with a position that is 'entirely devoid of legal or factual support.' " *Freitag v. Dept. of Rev.*, 19 OTR 37, 43 (2006) (*Freitag II*).

In contrast with TCR 60, in which the court exercises no judgment about the evidence, TCR 54 B(2) allows the court to dismiss where it judges the evidence presented is insufficient. TCR 54 B(2) is modeled on ORCP 54 B(2), which permits trial courts to dismiss claims during trial after weighing the evidence, resolving conflicts within it, or even disbelieving it. *Venture*

*Properties, Inc. v. Parker*, 223 Or App 321, 340–41, 195 P3d 470, 483 (2008). While courts have that power, they exercise it "sparingly" to allow adequate time for consideration. *See id*. at 341.

Here, Defendant has specifically requested that Plaintiff's Complaint be dismissed with prejudice. Plaintiff does not dispute that the standard articulated in *Freitag I* for dismissal under TCR 60 has been met. Because Plaintiff introduced no evidence, there is no reasonable inference under which the court could find that Plaintiff had made out a *prima facie* case for its valuation claim. *See Freitag I* at 374. While Plaintiff requests the court to exercise discretion and instead dismiss under TCR 54 B(2), it has not indicated any relevant facts or law showing that such use of discretion would be appropriate in this case.

Under the present circumstances, the court dismisses under TCR 60 and does not exercise its discretion to rule under TCR 54 B(2). Now, therefore,

IT IS HEREBY ORDERED that Plaintiff's Complaint be dismissed with prejudice.

_____

*This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.*

*This document was signed by Magistrate Poul F. Lundgren and entered on February 2, 2022.*